[Nos. A059450, A055964. First Dist., Div. Three. Sept. 29, 1993.]

PATRICK J. BARKLEY, Plaintiff and Appellant, v.
CITY OF BLUE LAKE et al., Defendants and Respondents.

## COUNSEL

P. Timothy Murphy and Eleanor M. Kraft for Plaintiff and Appellant.

Richard S. Platz and C. Dan Lange for Defendants and Respondents.

## OPINION

WHITE, P. J.—Patrick J. Barkley appeals after the superior court dismissed two separate actions to collect a money judgment against the City of Blue Lake (the City) on the ground that both actions were barred by the 10-year limitations period for enforcing a monetary judgment against a local public entity. (Gov. Code, §§ 970.1, subd. (a), 970, subd. (b).) We affirm the judgment dismissing Barkley's petition for writ of mandate, but reverse the order dismissing his action "on" the judgment.

In December of 1969 Barkley obtained a monetary judgment in a breach of contract action against the City for $90,354.88, with interest at the rate of 7 percent per annum from January 3, 1958. On April 5, 1982, this court dismissed the City's appeal from the judgment and remittitur issued on June 7, 1982. Thus, at the latest, the judgment became final on June 7, 1982. (Cal. Rules of Court, rule 25.)

In January of 1984, Barkley filed a first amended petition for writ of mandate to enforce the judgment against the City (Gov. Code, § 970.2). This action (Super. Ct. Humboldt County, No. 72493) languished in the trial court until July of 1986 when Barkley filed a motion for a peremptory writ of mandate to enforce the judgment. The trial court denied the request for a *peremptory* writ, ruling that the matter required a full evidentiary hearing. In July of 1987, this court denied Barkley's petition for writ of mandate to compel the trial court to grant the peremptory writ. Subsequently, Barkley requested a change of venue in the mandamus action, which the trial court denied in March of 1989.

For more than three years Barkley's counsel took no further steps to prosecute the mandamus action. However, in May of 1992, Barkley filed a motion to advance or specially set the case for an evidentiary hearing. Barkley's counsel stated in a declaration that the motion to advance was necessary to bring the matter to trial before the 10-year period specified in Government Code section 970.1 elapsed and the judgment expired. The trial court denied the motion to advance based on Barkley's inexcusable delay in prosecuting the action.

Because the mandamus action was no longer a viable avenue by which he could enforce the judgment, Barkley filed a *new* action *on the judgment* in the underlying contract action on May 29, 1992. On August 24, 1992, the trial court sustained the City's demurrer to this action without leave to amend on the sole ground that the complaint showed on its face that the action was barred by the 10-year limitation period for enforcing a judgment against a local public entity. (Gov. Code, § 970.1, subd. (a).) Finally, on October 13, 1992, the trial court granted the City's motion to dismiss the mandamus action on the ground it was barred by expiration of the 10-year period (Gov. Code, § 970.1, subd. (a)), and because Barkley had failed to bring the action to trial within 5 years (Code Civ. Proc., §§ 583.310, 583.360, subd. (a)).

Barkley filed separate appeals from the judgment dismissing his petition for writ of mandate and from the judgment dismissing his action "on the judgment." Those appeals (A059450 & A059964) have been consolidated for the purposes of briefing, argument and decision.

### DISCUSSION

Section 970.1 of the Government Code provides that a judgment for the payment of money against a local public entity "is enforceable until 10 years after the time the judgment becomes final . . . ." (Gov. Code, § 970.1, subd. (a); 970, subd. (b).) This rather straightforward provision would seem to dispose of the case before us. The underlying judgment became final on June 7, 1982, at the latest. Barkley failed to enforce that judgment by June 7, 1992, and consequently the trial court dismissed his enforcement actions. What could be more simple?

Unfortunately, the law will not permit us to dispose of this case in a single paragraph. As Barkley has pointed out in his brief, the law draws a distinction between statutory proceedings to "enforce" a judgment and a *separate independent* action "on" the judgment. (*Green* v. *Zissis* (1992) 5 Cal.App.4th 1219, 1222 [7 Cal.Rptr.2d 406]; *Pratali* v. *Gates* (1992) 4 Cal.App.4th 632, 636-637 [5 Cal.Rptr.2d 733].)

Thus, in *Green* v. *Zissis, supra,* 5 Cal.App.4th 1219, the plaintiff failed to renew or enforce his judgment against a *private* defendant within the 10-year

period established by Code of Civil Procedure section 683.020.[1] However, he filed a separate action *on* the judgment within the applicable 10-year statute of limitations. (Code Civ. Proc., § 337.5, subd. 3.) The *Green* court cited the Law Revision Commission Comment to Code of Civil Procedure section 683.020, which provides that "[t]he judgment creditor may also be able to bring an action on the judgment after the 10-year enforcement period of this section has expired if the statute of limitations provided by Section 337.5 [for an action upon a judgment] has not yet run." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., § 683.020 (1987 ed.) p. 72; *Green*, *supra*, at p. 1222.) The *Green* court concluded: "An action upon a judgment may therefore be commenced after the period for obtaining an execution of the original judgment has expired and there is no other means of enforcing the judgment except by action." (*Green*, *supra*, at p. 1222.)

Similarly, in *Pratali* v. *Gates*, *supra*, 4 Cal.App.4th 632, the plaintiff failed to enforce or renew a judgment against a *private* defendant within the 10-year period provided by Code of Civil Procedure section 683.020. However, the plaintiff did file a "separate, independent action" *on* the earlier judgment within the period permitted by statute.[2] (*Pratali*, *supra*, at p. 637.) The *Pratali* court observed: "A separate action on the judgment is expressly authorized in section 683.050 [of the Code of Civil Procedure] which states: 'Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5.' . . . The lawmakers did not intend the provisions to renew a judgment every 10 years to replace the then sole existing method of bringing an action on a judgment to retain the enforceability of a judgment. . . . [¶] [Instead], this alternate method to extend the life of a judgment was expressly authorized by statute and is proper in this case if the action on the judgment was filed within the 10-year period of limitations prescribed in section 337.5." (*Pratali*, *supra*, at pp. 637-638.)

Thus, had Barkley obtained a judgment against a private defendant, he would clearly be entitled to enforce that judgment through a separate action "on" the judgment provided that action was *commenced* within 10 years of the time the judgment became final. However, Barkley did not obtain his

---

[1] Section 683.020 provides: "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment . . . [t]he judgment may not be enforced."

[2] Although the separate action was filed more than 10 years after the judgment became final, the statute of limitations was tolled during the time the defendant was out of the state. (*Pratali* v. *Gates*, *supra*, 4 Cal.App.4th at p. 638; Code Civ. Proc., §§ 337.5, 351.)

judgment against a private entity; his judgment is against the City, which is a "local public entity," and enforcement of the judgment is therefore controlled by a different statutory scheme. (Gov. Code, § 970, subds. (b) & (c).)

Title 9 (§§ 680.010 through 724.260) of the Code of Civil Procedure governs the enforcement of judgments against *private* parties. On the other hand, the enforcement of money judgments against a "local public entity" is governed by sections 970 through 971.2 of the Government Code. (Gov. Code, § 970, subd. (b); *id.*, § 970.1, subd. (b); *San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn.* (1990) 222 Cal.App.3d 146, 150-151 [272 Cal.Rptr. 38].) Government Code section 970.1, subdivision (b) specifically provides that a money judgment against a local public entity "is *not* enforceable under Title 9 (commencing with Section 681) of . . . the Code of Civil Procedure but is enforceable under this article." (Italics added; see also Gov. Code, § 970, subd. (b).) The Legislature's purpose in enacting this provision was "to provide that execution and other remedies under the Code of Civil Procedure for enforcement of money judgments do not apply to enforcement of a money judgment against a local public entity. Such a judgment is payable under this article, and a writ of mandate is an appropriate remedy to compel payment." (15 Cal. Law Revision Com. Rep. (Dec. 1980) pp. 1280-1281.)

In *Green* and *Pratali* the courts relied on specific provisions of the Code of Civil Procedure to preserve the judgment creditor's right to bring an action "on" a judgment against a private defendant. (*Green* v. *Zissis, supra,* 5 Cal.App.4th at p. 1222; *Pratali* v. *Gates, supra,* 4 Cal.App.4th at p. 638.) By contrast, there is nothing in Government Code sections 970 through 971.2—or the Law Revision Commission comments to those sections— which specifically preserves the right to bring an action "on" a money judgment rendered against a local public entity.

Nevertheless, the Law Revision Commission comments to the Code of Civil Procedure provisions for enforcing money judgments indicate the Legislature intended to preserve the right to bring a separate action "on" a money judgment even in cases involving local public entities. Code of Civil Procedure section 683.320 provides that "[t]his chapter does not apply to a money judgment against a public entity that is subject to Section 965.5 or 970.1 of the Government Code." In its comment to this section, the Law Revision Commission states: "Section 683.320 recognizes that the period of enforceability of a money judgment against the state or a local public entity is governed by provisions of the Government Code. . . . The period of enforceability of a money judgment against a public entity may not be

extended using the renewal procedure under Sections 683.110-683.220. *This does not, however, affect the right to bring an action on the judgment.* See Sections 337.5 and 683.050." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., § 683.320 (1987 ed.) p. 86, italics added.)

■■-■ ■ In light of this comment[3] we conclude that the Legislature intended to preserve a judgment creditor's right to file an action "on" a judgment rendered against a local public entity.[4] Because Barkley filed his action on the judgment within 10 years after the judgment became final, the trial court erred when it dismissed this action as untimely. (Code Civ. Proc., § 337.5, subd. 3.)

Nevertheless, we conclude the trial court properly dismissed Barkley's original mandamus action because the 10-year period for enforcing the judgment had expired, and because Barkley failed to bring the matter to trial within 5 years after commencing the action (Code Civ. Proc., §§ 583.310, 583.360). Moreover, the trial court did not abuse its discretion when it denied Barkley's motion to advance. (See *San Bernardino City Unified School Dist.* v. *Superior Court* (1987) 190 Cal.App.3d 233, 237-239 [235 Cal.Rptr. 356].) Consequently, we affirm the judgment dismissing the mandamus action.

---

[3]We may, of course, refer to Law Revision Commission comments to assist us in determining the intent of the Legislature. (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 386-387 [282 Cal.Rptr. 508]; *Hall* v. *Hall* (1990) 222 Cal.App.3d 578, 585 [271 Cal.Rptr. 773].) We summarily reject any suggestion by the City that it is improper for us to take judicial notice of those comments.

[4]The intent to preserve the right to bring an action "on" a money judgment against a local public entity is consistent with the Legislature's general purpose in adopting specific provisions to enforce money judgments against local public entities. In its 1980 recommendations to the Legislature regarding the proposed legislation (Gov. Code, §§ 970-971.2), the Law Revision Commission stated that it had concluded ". . . the procedures for payment of claims and judgments against public entities should be revised *to impose more clearly a duty to pay an approved claim or final judgment* and to provide by statute that a writ of mandate is *an* appropriate remedy to enforce this duty." (15 Cal. Law Revision Com. Rep., *supra*, pp. 1262, 1267, italics added.) Although the relevant legislation specifically provided that the Code of Civil Procedure's provisions for "enforcing" a judgment do not apply to judgments against a local public entity, the legislation says nothing about an action "on" a judgment. (Gov. Code, § 970.1, subd. (b).) Moreover, the legislation merely states that a writ of mandate is "an" appropriate remedy to compel a local public entity to pay a judgment, suggesting that it is not the exclusive remedy. (Gov. Code, § 970.2.)

Because the Legislature adopted Government Code sections 970 through 971.2 in order to clarify rather than restrict a local entity's duty to pay money judgments, it is not unreasonable to assume—in the absence of a specific provision to the contrary—that the Legislature intended to preserve the judgment creditor's right to bring an action "on" the judgment as an alternative to a mandamus action. (See *Pratali* v. *Gates*, *supra*, 4 Cal.App.4th at p. 638.)

DISPOSITION

In appeal No. A059450, the judgment dismissing Barkley's action "on" the judgment is reversed and the matter is remanded to the trial court. In appeal No. A059964, the judgment dismissing the mandamus action is affirmed.

Costs to appellant.

Merrill, J., and Werdegar, J., concurred.

A petition for a rehearing was denied October 25, 1993, and respondents' petition for review by the Supreme Court was denied December 30, 1993. Kennard, J., was of the opinion that the petition should be granted.