[No. A071174. First Dist., Div. Three. July 10, 1996.]

PATRICK J. BARKLEY, Plaintiff and Respondent, v.
CITY OF BLUE LAKE, Defendant and Appellant.

**COUNSEL**

Richard S. Platz and C. Dan Lange for Defendant and Appellant.

P. Timothy Murphy and Richard E. Rader for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—In this case, we hold that an action on a judgment against a public entity is not subject to the claim filing requirements of Government Code sections 905 and 945.4.[1]

The City of Blue Lake (the City) appeals from a summary judgment granted to respondent Patrick J. Barkley. Barkley brought an action on a judgment against the City, which awarded him damages for breach of a

---

[1]Further statutory references are to the Government Code, unless otherwise specified.

contract to construct a sewer system. The City contends the trial court erroneously rejected three of its defenses: (1) Barkley's recovery was subject to the constitutional debt limitation provided in article XVI, section 18 of the California Constitution; (2) laches; and (3) failure to comply with the claim filing requirements of sections 905 and 945.4. Barkley contends the City's appeal is frivolous and asks us to impose sanctions. We affirm the judgment and decline to impose sanctions.

## FACTS

Much of the history of this protracted litigation is set out in our opinion on a previous appeal. (*Barkley* v. *City of Blue Lake* (1993) 18 Cal.App.4th 1745 [23 Cal.Rptr.2d 315].) We briefly recapitulate that history to set the stage for the present controversy. In December 1969, Barkley obtained a judgment for $90,354.88, with interest running from January 3, 1958. The City appealed.[2] We dismissed the appeal on April 5, 1982, and the judgment became final when remittitur issued on June 7, 1982. In 1984, Barkley sought a writ of mandate to enforce the judgment, as authorized by section 970.2. In May 1992, Barkley moved to advance or specially set the case for an evidentiary hearing, in an attempt to bring the matter to trial before expiration of the 10-year period prescribed in section 970.1, for enforcement of judgments against local public entities. The trial court denied the motion because of Barkley's inexcusable delay.

Barkley also filed a new action on the 1969 judgment in May 1992. The trial court dismissed the action after sustaining the City's demurrer without leave to amend. The trial court then granted the City's motion to dismiss Barkley's mandamus proceeding. Barkley appealed from both judgments of dismissal. We held the trial court properly dismissed the mandamus proceeding, both because the 10-year period for enforcement of the judgment had expired and because Barkley failed to bring the matter to trial within 5 years after filing his petition (Code Civ. Proc., §§ 583.310, 583.360). However, we reversed the dismissal of his action on the judgment, concluding the Legislature intended to preserve a judgment creditor's right to file an action on the judgment within the 10-year limitation period prescribed by Code of Civil Procedure section 337.5, subdivision 3. (*Barkley* v. *City of Blue Lake, supra,* 18 Cal.App.4th at pp. 1751-1752.) Remittitur was filed on February 22, 1994.

---

[2]Barkley asks us to take judicial notice of the trial court's findings and conclusions in the original litigation. The City asks us to take judicial notice of its appeal from the 1969 judgment. We decline both requests. The record and the background provided by our opinion in *Barkley* v. *City of Blue Lake, supra,* 18 Cal.App.4th 1745, 1747-1748, are sufficient for determination of the issues on this appeal.

The City demurred to Barkley's complaint on July 15, 1994. The demurrer was overruled, and the City filed an answer on September 8, 1994. Barkley moved for summary judgment on February 28, 1995, based on four "incontrovertible facts": (1) entry of the 1969 judgment for $90,354.88, plus interest; (2) finality of the judgment on June 7, 1982; (3) the City's nonpayment of the judgment; and (4) the timely filing of the present action on the judgment. The City filed its opposition on March 24, acknowledging the above facts were undisputed (with the caveat that interest on the judgment ran only until the judgment was paid), and listing a number of disputed material facts pertaining to its defenses. On April 25, the trial court issued its ruling granting summary judgment. Judgment was entered July 10, 1995, and this appeal followed.

### DISCUSSION

■ Summary judgment is proper when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Once Barkley established the elements of his cause of action, the burden shifted to the City to show a triable issue of material fact regarding any element of Barkley's cause of action, or any defense raised by the City. (Code Civ. Proc., § 437c, subd. (o)(1).) The City argues it has raised triable issues of material fact regarding its defenses. Our review of the summary judgment is de novo. (*Hunter* v. *Pacific Mechanical Corp.* (1995) 37 Cal.App.4th 1282, 1285 [44 Cal.Rptr.2d 335].) We are not limited by the trial court's reasons; even if summary judgment was granted on an incorrect basis, we must affirm if it would have been proper on another ground. (*Mero* v. *Sadoff* (1995) 31 Cal.App.4th 1466, 1478 [37 Cal.Rptr.2d 769]; *Aaitui* v. *Grande Properties* (1994) 29 Cal.App.4th 1369, 1373 [35 Cal.Rptr.2d 123].)

### 1. *The Constitutional Debt Limitation Was Not an Issue in This Action*

■ Article XVI, section 18 of the California Constitution provides in relevant part: "No . . . city . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose . . . ." This provision, formerly found in article XI, section 18, has been part of the California Constitution since 1879. It was intended to prevent municipalities from incurring debts and liabilities exceeding their revenue, a practice that had created heavy burdens on future municipal revenues. It has been construed to require each year's debts and liabilities to be paid from that year's revenue, and to bar payment from the revenue of any future year.

Those contracting with a municipality are presumed to know the extent of its authority, and must bear the risk of a shortfall in the current year's revenues. (*San Francisco Gas Co.* v. *Brickwedel* (1882) 62 Cal. 641, 642-643; *Arthur* v. *City of Petaluma* (1917) 175 Cal. 216, 219-220 [165 P. 698]; *Compton Community College etc. Teachers* v. *Compton Community College Dist.* (1985) 165 Cal.App.3d 82, 88-89 [211 Cal.Rptr. 231].)

There are a number of exceptions to the constitutional debt limitation. (See generally, Beebe et al., *Joint Powers Authority Revenue Bonds* (1968) 41 So.Cal.L.Rev. 19.) ■ Barkley raised two of these in his motion for summary judgment. He contended the judgment was an obligation imposed by law to which the constitutional debt limitation did not apply. (See *Compton Community College etc. Teachers* v. *Compton Community College Dist.*, *supra*, 165 Cal.App.3d at pp. 91-92; cf. *City of Sacramento* v. *State of California* (1990) 50 Cal.3d 51, 74, fn. 23 [266 Cal.Rptr. 139, 785 P.2d 522].) He also argued the debt limitation did not apply because the sewer system Barkley contracted to build was financed with revenue bonds collected in a special fund. (See *City of Santa Clara* v. *Von Raesfeld* (1970) 3 Cal.3d 239, 247 [90 Cal.Rptr. 8, 474 P.2d 976]; *City of Oxnard* v. *Dale* (1955) 45 Cal.2d 729, 733 [290 P.2d 859].)

The trial court ruled the constitutional debt limitation did not bar payment of Barkley's judgment debt because the limitation applies only to voluntarily incurred debts, not those imposed by law. The City contends this was error, noting that in *Arthur* v. *City of Petaluma*, *supra*, 175 Cal. 216, the plaintiff obtained a judgment against the defendant city for breach of contract, and the court held the constitutional debt limitation barred recovery on the judgment. (*Id.* at p. 223.) In response, Barkley contends the constitutional debt limitation applies only to his right to compel payment from the City, and does not affect his right to entry of a judgment establishing his claim. He quotes *Arthur* v. *City of Petaluma*, *supra*: "Having a valid claim, one valid when the indebtedness was incurred, the subsequent exhaustion of funds from which the same could be paid before the claimant was able to obtain formal allowance and payment does not make his claim bad, but only affects his remedy to obtain *payment*, and he is entitled to have his claim established by a judgment for the amount due." (*Id.* at p. 221, original italics.)

Both parties are correct. Under *Arthur* v. *City of Petaluma*, *supra*, entry of judgment on a breach of contract claim does not preclude application of the constitutional debt limitation, and Barkley is entitled to a judgment establishing his claim regardless of the obstacles to recovering payment imposed by California Constitution, article XVI, section 18. The fact that Barkley had previously established his claim by obtaining the 1969 judgment makes no

difference. His right to reestablish his claim in an action on that judgment was settled in his earlier appeal (*Barkley* v. *City of Blue Lake, supra,* 18 Cal.App.4th 1745, 1751), and the constitutional debt limitation affects only his right to obtain payment (*Arthur* v. *City of Petaluma, supra,* 175 Cal. at p. 221; see also Beebe et al., *Joint Powers Authority Revenue Bonds, supra,* 41 So.Cal.L.Rev. at pp. 22-23). The summary judgment was proper on that basis, and does not preclude either party from arguing other aspects of the constitutional debt limitation, or its recognized exceptions, in proceedings to enforce the judgment.

## 2. *Laches Is Not an Available Defense in This Action*

It is well settled that the equitable defense of laches does not apply in an action based on a judgment, which is an action at law. (*Pratali* v. *Gates* (1992) 4 Cal.App.4th 632, 645 [5 Cal.Rptr.2d 733]; *United States Capital Corp.* v. *Nickelberry* (1981) 120 Cal.App.3d 864, 867 [174 Cal.Rptr. 814].) The City acknowledges this rule, and explains it only raised laches as an affirmative defense in an abundance of caution, to avoid waiving the defense by failing to assert it. The trial court construed the City's equitable defenses, including laches, as a collateral attack on the 1969 judgment, and found them to be "without merit." The City says it would have accepted a ruling that laches was not a defense to Barkley's action on the judgment, but argues it was compelled to appeal the trial court's ruling on the merits in order to preserve the laches defense for use in a future mandamus proceeding by Barkley to enforce the judgment. The City correctly argues its laches defense does not collaterally attack the validity of the 1969 judgment, and is based on triable issues of fact regarding Barkley's efforts to enforce the judgment after it became final.

Summary judgment for Barkley was proper because laches was not an available defense in his action on the judgment. The trial court's ruling that the defense was "without merit" does not bar the City from raising it in proceedings to enforce the judgment.

## 3. *An Action on a Judgment Is Not Subject to the Claim Filing Requirements*

The City raised Barkley's failure to comply with the claim filing requirements of sections 905 and 945.4 as a defense to his action on the 1969 judgment. Section 905 requires "all claims for money or damages against local public entities" to be presented as required by statute, with specified exceptions. Section 945.4 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is

required to be presented" until a claim has been acted upon or deemed rejected by the public entity.

The trial court ruled the City had waived this defense by failing to raise it in its 1992 demurrer. The trial court also found the purposes of the claim filing requirements had been met in this case, and suggested Barkley's claim based on the 1969 judgment came within the scope of section 905, subdivision (g), which exempts from the filing requirements "[c]laims for principal or interest upon any bonds, notes, warrants, or other evidences of indebtedness."

The City points out it did raise the defense of failure to file a claim in its 1992 demurrer. Barkley acknowledges the trial court's error in this regard, but contends the defense was properly rejected, based on the exemption provided by section 905, subdivision (g), and on the trial court's finding that the purposes of the claim filing requirements had been fully satisfied.

The governmental liability statutes deal separately with claims against public entities (div. 3.6, pt. 3; § 900 et seq.), actions against public entities (div. 3.6, pt. 4; § 940 et seq.), and payment of claims and judgments by public entities (div. 3.6, pt. 5; § 965 et seq.). The procedures for payment of claims and judgments by public entities were revised in 1980 "to impose more clearly a duty to pay an approved claim or final judgment . . . ." (15 Cal. Law Revision Com. Rep. (Nov. 1979) p. 1262; see Stats. 1980, ch. 215, p. 449 et seq.) Barkley's action on the 1969 judgment did not present a new claim, but merely extended his right to compel payment of his adjudicated claim. (See *Provisor* v. *Nelson* (1965) 234 Cal.App.2d Supp. 876, 880 [44 Cal.Rptr. 894] [judgment in action on prior judgment considered extension of first judgment, so that judgment lien related back to date of first judgment].)

We conclude an action on a judgment against a local public entity is not governed by the claim filing requirements of sections 905 and 945.4. Those requirements are intended to give the public entity the opportunity to investigate the factual basis of the claim while the evidence is fresh, to settle meritorious cases without litigation, and to consider the fiscal implications of potential liability. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *City of Ontario* v. *Superior Court* (1993) 12 Cal.App.4th 894, 902-903 [16 Cal.Rptr.2d 32]; *San Diego Unified Port Dist.* v. *Superior Court* (1988) 197 Cal.App.3d 843, 847 [243 Cal.Rptr. 163].) These purposes are clearly related to unadjudicated claims. Once a claim has been litigated and a final judgment entered, the time has passed for investigating the merits, settling

without litigation, and gauging potential liability. The judgment conclusively determines the merits of the claim and the liability of the public entity. (Code Civ. Proc., §§ 577 and 1908, subd. (a)(2).) Section 970.2 requires a local public entity to pay any judgment against it according to the procedures provided in section 970 et seq., which include no claim filing requirements. The judgment creditor is entitled to obtain a writ of mandate to compel payment (§ 970.2), and is also entitled to extend the 10-year period for enforcing the judgment (§ 970.1) by filing a timely action on the judgment (*Barkley* v. *City of Blue Lake, supra,* 18 Cal.App.4th at pp. 1750-1751).

The absurdity of requiring the judgment creditor to file a claim before bringing an action on the judgment is readily apparent when the time for presenting the claim is considered. Under section 911.2, the judgment creditor would have to file the claim within a year after the cause of action accrued. A cause of action on a judgment accrues when the judgment becomes final. (*Green* v. *Zissis* (1992) 5 Cal.App.4th 1219, 1223 [7 Cal.Rptr.2d 406]; see also § 901 [time limits for filing claims governed by "accrual" of cause of action for statute of limitations purposes].) Thus, the judgment creditor would have to file a claim within a year after the judgment became final to preserve the right to bring an action on the judgment, even though the judgment itself is enforceable for 10 years under section 970.1. In *Barkley* v. *City of Blue Lake, supra,* 18 Cal.App.4th at pages 1750-1751, we determined that the Legislature intended to preserve a judgment creditor's right to extend the enforceability of a judgment against a local public entity by filing an action on the judgment within the 10-year limitation period for actions on judgments (Code Civ. Proc., § 337.5, subd. 3). We do not believe the Legislature intended the statutory claim-filing requirements to restrict that right, which only becomes meaningful as the 10-year limit imposed by section 970.1 approaches.

The City characterizes Barkley's action on the 1969 judgment as based on an implied contract to pay the judgment, citing *United States Capital Corp.* v. *Nickelberry, supra,* 120 Cal.App.3d 864, 867. It argues the Legislature intended claims on implied contracts to be included in the claim filing requirements, citing the California Law Revision Commission Recommendation and Study Relating to the Presentation of Claims Against Public Entities, issued in January 1959. However, we believe the Commission's observations support the conclusion that the claim filing requirements are inappropriate for actions on judgments. "Insofar as the claim is one for breach of contract, the need for early investigation and negotiation is frequently as important as in the case of tort claims. *Ordinary routine claims for money due on a contract, however, are in a different category and for purposes of administrative convenience should not be shackled with an elaborate formal claims procedure.* Other types of non-routine contract claims

such as claims for the value of goods or services on an implied contract theory lie somewhere between the first two classes. . . ." (2 Cal. Law Revision Com. Rep. (Jan. 1959) p. A-117, italics added.) ▮ An action on a judgment is in the nature of a routine claim for money due. "A judgment creditor is entitled as a matter of right to a judgment on the original judgment providing it is commenced within the 10-year statute of limitations period." (*United States Capital Corp.* v. *Nickelberry, supra*, at p. 868; accord, *Green* v. *Zissis, supra*, 5 Cal.App.4th 1219, 1223.)

The City contends the claim filing requirements would have served a useful purpose by giving it a chance to evaluate and negotiate Barkley's claim for payment on the 1969 judgment. The extended history of this litigation demonstrates the City has had more than ample opportunity to consider and settle Barkley's claim. Furthermore, it is significant the Legislature did not require a judgment creditor to file a claim before seeking a writ of mandate to compel a local public entity to pay a judgment. (§ 970.2.) An action on the judgment is an alternative method of securing the judgment creditor's right to recover. (*Barkley* v. *City of Blue Lake, supra*, 18 Cal.App.4th at p. 1751, fn. 4.) It should not be saddled with procedural requirements the Legislature did not see fit to impose on the mandamus enforcement remedy.

## 4. *Sanctions Are Not Appropriate*

▮ Barkley asserts the City's appeal is frivolous, because it was taken solely as a dilatory tactic and lacks any merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179]; Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) We disagree.

The City had reason to be concerned about the trial court's erroneous rulings on the merits of its constitutional debt limitation and laches defenses. An erroneous judgment, if not corrected on appeal, bars further litigation on the issues decided. (*Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 654 [165 Cal.Rptr. 877, 612 P.2d 967]; *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 797 [126 Cal.Rptr. 225, 543 P.2d 593]; *Schultz* v. *Harney* (1994) 27 Cal.App.4th 1611, 1618 [33 Cal.Rptr.2d 276].) Here, while the judgment was correct on the grounds discussed above, the City was justified in taking an appeal to preserve its right to present its defenses in future enforcement proceedings.

The City's argument that the claim filing requirements applied to Barkley's action lacked merit, but raised an issue of first impression. (See *In re Marriage of Levingston* (1993) 12 Cal.App.4th 1303, 1307 [16 Cal.Rptr.2d 100] [sanctions not warranted on appeal raising issue of first impression].)

"Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650, original italics.)

## DISPOSITION

The judgment is affirmed. Barkley shall recover his costs on appeal.

Corrigan, Acting P. J., and McGuiness, J.,* concurred.

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.