Filed 6/27/14  Pine Mountain Lake Assn. v. Greer CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| PINE MOUNTAIN LAKE ASSOCIATION,<br><br>Plaintiff and Respondent,<br><br>v.<br>WENDY GREER et al.,<br><br>Defendants and Appellants. | F066158<br><br>(Super. Ct. No. CV55997)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

Sierra Law Office of David L. Axelrod and David L. Axelrod for Defendants and Appellants.

Weintraub Tobin Chediak Coleman Grodin, Louis A. Gonzalez, Jr., Brendan J. Begley and Darrin M. Menezes for Plaintiff and Respondent.

-ooOoo-

Defendants appeal the judgment entered against them after plaintiff's motion for summary judgment was granted.  The motion largely relied upon matters deemed admitted by defendants after the individual defendants failed to respond to plaintiff's requests for admission.  Defendants challenge the order deeming matters admitted by defendants, Wendy Greer and Malcolm Milliron, and its application to defendant Wendy Greer as trustee of the Greer Family Trust.  They assert the motion for summary

judgment was improperly granted because triable issues of fact remained. They also challenge the denial of their motion for reconsideration of the summary judgment order. We find no error and affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed this action against defendant, Wendy Greer, alleging she breached the covenants, conditions, and restrictions (CC&Rs) applicable to homeowners and lots within the Pine Mountain Lake development and created a nuisance, by storing personal property and construction equipment, including boats, vehicles, trailers, a cement mixer, and commercial storage racks, on her lots for an extended period, and allowing accumulation of rubbish, trash, or debris there. The complaint alleged plaintiff gave Greer multiple notices of the violations and assessed fines against her when she failed to remedy the violations. It sought injunctive relief, declaratory relief, recovery of the fines imposed, and attorney fees. In January 2011, the parties agreed to mediate their dispute. Subsequently, after discovering that Greer had transferred a 1 percent interest in her lots to Malcolm Milliron, plaintiff filed an amendment to the complaint naming Milliron as Doe 1. Greer and Milliron answered the complaint, appearing in propria persona.

Plaintiff propounded a request for admissions to Greer and Milliron. When they failed to respond, plaintiff filed a motion to deem the matters contained in the request admitted. Prior to the hearing, Greer and Milliron filed answers to the requests for admissions. Nonetheless, the trial court heard the motion and granted it.

After learning that Greer had transferred her remaining interest in the vacant lot to herself, as trustee of the Greer Family Trust created October 17, 1992, plaintiff named Greer, as trustee, as Doe 2. Plaintiff moved for summary judgment against all three defendants, relying in part on the matters deemed admitted. The hearing on the motion for summary judgment was continued at least twice to permit the trustee to have her default set aside, answer the complaint, and file opposition to the motion. Greer, as

2

trustee, filed opposition to the motion for summary judgment through counsel.  Greer and Milliron filed opposition papers in propria persona.  The motion was heard and granted.  Defendants moved for reconsideration, which was denied.  Defendants appeal.

## *DISCUSSION*

### I.    Standard of Review

A grant of summary judgment is reviewed de novo.  (*Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1035.)  Summary judgment is properly granted when no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)[1]  "A plaintiff … has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on that cause of action.  Once the plaintiff … has met that burden, the burden shifts to the defendant … to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto.  The defendant … may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto."  (§ 437c, subd. (p)(1).)

"As a summary judgment motion raises only questions of law regarding the construction and effect of supporting and opposing papers, this court independently applies the same three-step analysis required of the trial court.  We identify issues framed by the pleadings; determine whether the moving party's showing established facts that negate the opponent's claim and justify a judgment in the moving party's favor; and if it does, we finally determine whether the opposition demonstrates the existence of a triable, material factual issue.  [Citations.]"  (*Tsemetzin v. Coast Federal Savings & Loan Assn.*

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

(1997) 57 Cal.App.4th 1334, 1342.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850, fn. omitted.) "The evidence of the party opposing the motion must be liberally construed, and that of the moving party strictly construed." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 308.)

In reviewing the summary judgment, "[w]e are not limited by the trial court's reasons; even if summary judgment was granted on an incorrect basis, we must affirm if it would have been proper on another ground." (*Barkley v. City of Blue Lake* (1996) 47 Cal.App.4th 309, 313.) We "independently determine as a matter of law the construction and effect of the facts presented." (*Podolsky v. First Healthcare Corp*. (1996) 50 Cal.App.4th 632, 642.)

## II. Absence of Notice of Appeal and Reporter's Transcript

An appellant is responsible for providing the appellate court with a record adequate to address the issues raised on appeal and to demonstrate prejudicial error. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) Plaintiff contends defendants have failed to provide an adequate record because the record does not include the notice of appeal or a reporter's transcript of the relevant hearings.

Because the record on appeal does not include the notice of appeal, plaintiff contends defendants have failed to establish timeliness and therefore the court's power to entertain the appeal. The notice of appeal commences the appeal. (Cal. Rules of Court, rule 8.100.)[2] When the notice of appeal is filed with the superior court, the clerk of that court must mail notification of its filing to the other parties and to the reviewing court

---

[2] All further references to rules are to the California Rules of Court.

4

clerk. (Rule 8.100(e)(1).) The clerk's notification must include the date on which the notice of appeal was filed. (Rule 8.100(e)(2).) The appellant must designate the documents to be included in the clerk's transcript on appeal. (Rule 8.121(a).) The clerk's transcript must contain the notice of appeal. (Rule 8.122(b)(1)(A).)

The notice of appeal is not included in the clerk's transcript. We have, however, received the superior court clerk's notification of the filing of the notice of appeal, which included the date of filing, and a copy of the notice of appeal. On our own motion, we augment the record with the notice of appeal. (Rule 8.155(a)(1)(A).)

Judgment was entered on August 23, 2012. Plaintiff's counsel served notice of entry of judgment on September 4, 2012. The notice of appeal was filed October 22, 2012, within 60 days of service of notice of entry of judgment. Thus, it was timely under rule 8.104(a)(1)(B).)

Plaintiff also contends the record is inadequate because it does not include a reporter's transcript of the hearing on the motion to deem the requests for admission admitted or the hearing on the motion for summary judgment. "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130." (Rule 8.120(b)(1).) Thus, a reporter's transcript of a hearing must be included only when the party intends to rely on it in order to establish error in the judgment. Regarding the matters deemed admitted, defendants contend the trial court was required by statute to deny the motion when they served responses to the requests for admission prior to the hearing; this is an issue of statutory interpretation that is not affected by the oral proceedings at the hearing. The granting of a motion for summary judgment is reviewed de novo, based upon the papers submitted by the parties in the trial court; a transcript of the oral proceedings is not necessary to its review. Plaintiffs have not argued that anything that occurred at the

5

hearings constituted reversible error. The orders on the motions do not indicate oral testimony was taken at either hearing. A reporter's transcript of the hearings is not necessary to the determination of the issues raised in defendants' briefs.

## III.    Deeming Matters Admitted

Any party may propound requests for admission to any other party. (§ 2033.010.) The responding party must serve a response within 30 days after service of the request. (§§ 2033.210, 2033.250, subd. (a).) Section 2033.280 sets out the consequences of a failure to respond.

> "If a party to whom requests for admission are directed fails to serve a timely response, the following rules apply:
>
> "(a) The party to whom the requests for admission are directed waives any objection to the requests .… [¶] … [¶]
>
> "(b) The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted .…
>
> "(c) The court shall make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220." (§ 2033.280, subds. (a), (b) & (c).)

Plaintiff's motion to deem matters admitted established that plaintiff served a set of requests for admission by mail on Milliron on June 9, 2011, and a similar set on Greer on June 13, 2011. Neither responded within 30 days (extended by 5 days due to mailing of the requests, pursuant to §§ 1013, 2016.050) as required by the statute. Plaintiff served and filed its motion to deem matters admitted and supporting papers on July 28, 2011, setting the hearing for August 25, 2011. On August 10, 2011, Greer and Milliron filed responses to the requests for admission with the trial court. They also filed declarations asserting reasons for failing to timely respond, apparently in response to

6

plaintiff's request for monetary sanctions, but no other opposition to the motion. After hearing argument, the trial court granted plaintiff's motion.

Defendants contend the court's ruling was erroneous, because they submitted their responses to the requests for admission before the hearing of the motion. They contend section 2033.280 mandated that the motion be denied.

Section 2033.280, subdivision (c) requires that the court make an order deeming the matters contained in the requests for admission admitted, "unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220." Thus, the trial court must find three things in order to deny the motion: (1) the responding party served a proposed response to the requests for admission, (2) the proposed response was served before the hearing of the motion, and (3) the proposed response was in substantial compliance with section 2033.220. It is undisputed that defendants served proposed responses and did so prior to the hearing, satisfying items (1) and (2). We therefore infer the trial court found the proposed response was not in substantial compliance with section 2033.220, and for this reason it granted the motion.[3]

Section 2033.220 requires that "[e]ach answer in a response to requests for admission shall be as complete and straightforward as the information reasonably available to the responding party permits." (§ 2033.220, subd. (a).) Further:

"(b) Each answer shall:

"(1) Admit so much of the matter involved in the request as is true, either as expressed in the request itself or as reasonably and clearly qualified by the responding party.

---

[3]    The trial court's judgment is presumptively correct; where the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556-557 (*Yield Dynamics*).)

"(2) Deny so much of the matter involved in the request as is untrue.

"(3) Specify so much of the matter involved in the request as to the truth of which the responding party lacks sufficient information or knowledge.

"(c) If a responding party gives lack of information or knowledge as a reason for a failure to admit all or part of a request for admission, that party shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, and that the information known or readily obtainable is insufficient to enable that party to admit the matter." (§ 2033.220, subds. (b) & (c).)

The trial court did not err in finding defendants' proposed responses did not comply with section 2033.220. The requests propounded to Milliron asked him to admit the genuineness of five items: the grant deeds granting Milliron a 1 percent interest in each of Greer's lots, the CC&Rs for Pine Mountain Lake, and two CC&R compliance inspection reports. Milliron responded that the grant deeds and CC&Rs appeared to be copies of genuine documents. Regarding the compliance reports, he objected that the documents were created during settlement negotiations and were therefore barred from discovery. Milliron was asked to admit he was an owner of the lots, a member of plaintiff, and subject to and bound by the CC&Rs. He was asked to admit that two vehicles, two empty trailers, and two boats on trailers had been parked on the vacant lot since August 19, 2010, and that there was insulation, a heater, a washer and dryer, disconnected pool equipment, plywood, plumbing materials, and a jetted tub stored on the residential lot, not within an enclosed storage area, since that date. To all of these requests, he responded: "Defendant denies the request as written on the grounds that there has been no violation of any governing documents and the questions are vague and ambiguous."

The requests propounded to Greer asked her to admit the genuineness of 15 items, including the grant deeds by which she took title to the lots, the CC&Rs, and letters from plaintiff advising her of violations of the CC&Rs and fining her for failing to bring her

8

property into compliance. She responded that the grant deeds and CC&Rs appeared to be copies of genuine documents; regarding the letters from plaintiff, she responded that plaintiff "would be in the only position to determine whether or not it is genuine. As a Defendant I dispute the underlying content and assertions on the grounds that their claims of violations of governing documents are groundless." The requests asked her to admit she was an owner of the lots, a member of the association, and bound by the CC&Rs. She was asked to admit that specified vehicles, a boat and trailer, storage racks, insulation, a heater, a washer/dryer, disconnected pool equipment, and a jetted tub, were parked or stored on the lots during specified time periods. She was also asked to admit she received various notices concerning violations of the CC&Rs and did not respond to them. To all of these requests, her answers were identical to Milliron's: "Defendant denies the request as written on the grounds that there has been no violation of any governing documents and the questions are vague and ambiguous."

Because the responses were untimely, defendants had already waived all of their objections. (§ 2033.280, subd. (a).) Thus, Milliron's objection that documents were created during settlement negotiations, and both parties' statements that requests were vague and ambiguous, were improper. Further, the responses were not straightforward and complete. They mainly consisted of evasive statements, in the form of legal conclusions about whether they had violated the governing documents, that failed entirely to address the substance of the matters to be admitted or denied. They neither admitted nor denied that the various vehicles and other items were parked or stored on the lots during the time periods specified; they neither admitted nor denied that the defendants owned the lots, were members of plaintiff, were bound by the CC&Rs, or received the notices concerning CC&R violations that were sent to Greer. Defendants also did not represent they had made a reasonable inquiry, but still lacked sufficient information to admit or deny the requests.

9

Further evidence of the insufficiency of the responses can be found in the declarations both defendants filed the same day as the proposed responses. In those declarations, defendants stated they had answered the discovery and there was no reason to order the matters in the requests for admission admitted. They added that some of the documents were not genuine and plaintiff's representations were not all truthful. If that was the case, however, defendants' responses should have clearly identified the documents that were not genuine and should have denied any statements that were not truthful, in whole or in part.

Consequently, the trial court's implied factual finding that defendants' proposed responses were not in substantial compliance with section 2033.220 is supported by substantial evidence and not erroneous. The trial court properly granted plaintiff's motion to deem admitted the matters contained in the requests for admission.

## IV. Using Admissions against the Trustee

Defendants argue that the matters deemed admitted by Greer as an individual should not have been attributed to Greer as trustee. They assert Greer as trustee was not a party to the litigation at the time the order deeming matters admitted was made and no requests for admission were ever propounded to her. Further, she asserts "[t]he Trustee had been treated as a party separate and distinct from Wendy Greer, as an individual, as well and all other parties, both by the Plaintiff PMLA and the Trial Court, throughout the pleadings and all other phases of the proceedings." Defendants contend Greer as trustee would have denied the requests for admission if they had been propounded to her, and section 2033.280 does not authorize deeming matters admitted by a party who was never served with the discovery request and was not a party to the motion to deem them admitted.

Defendants' argument that the parties and the trial court at all times treated the trustee as a separate party from Greer as an individual is not borne out by the record.

10

Shortly after the trial court issued its order deeming matters admitted by the individual defendants, plaintiff filed a Doe amendment naming Greer as trustee as Doe 2. Her default as trustee was entered, and she subsequently filed a motion to set aside the default. In the reply brief filed by her attorney, Greer as trustee asserted: "It is certainly understandable and 'excusable' for a party who has already filed and served an answer to neglect filing an additional (albeit virtually identical) response on her own behalf in another, technically different capacity." She added: "Inasmuch as the trust is revocable, and no separate beneficiary has yet perfected a vested interest, it is certainly arguable that Ms. Greer is in fact a single party and that a single responsive pleading should suffice." Thus, Greer herself took the position that the distinction between the two capacities was a mere technicality, and she sought to use that argument to her advantage in having her default as trustee set aside.

Treating Greer as trustee as a party separate from Greer as an individual would also create a serious obstacle for the trustee in this appeal. The notice of appeal gives no indication it was filed on behalf of Greer as trustee. Line 1, which asks for the name of the party appealing, is blank. The form is signed by Milliron and "Wendy A. Greer." The section on the form for identifying the attorney or party without an attorney identifies "Wendy Greer Pro Per" and "Malcolm Milliron Pro Per." Nowhere on the form is the trustee even mentioned.

Even if we overlook the deficiency in the notice of appeal, reversal of the judgment is not warranted. The trustee submitted a separate statement of undisputed facts that included in response to many of plaintiff's statements an objection that the order deeming matters admitted was inapplicable to the trustee. She did not make a written objection, "served and filed separately from the other papers in support of or in opposition to the motion," as required by rule 3.1354(b).

11

The trustee's claim that the admissions cannot be used against her is apparently based on provisions of section 2033.410, which provides that "[a]ny matter admitted in response to a request for admission is conclusively established against the party making the admission" and "is binding only on that party." (§ 2033.410, subds. (a) & (b).) Defendants offer no authority for the proposition that, for purposes of deeming matters admitted, Greer as trustee was, or should be, a separate party not bound by the admissions of Greer the individual. For revocable trusts, at least, the contrary appears true. "[A]t least for most purposes '[t]here is no distinction in California law between property owned by the revocable trust and property owned by the settlor of such a revocable trust during the lifetime of the settlor.' 'Under California law, a revocable inter vivos trust is recognized as simply "a probate avoidance device …." … Property transferred to, or held in, a revocable inter vivos trust is nonetheless deemed the property of the settlor ….' [Citations.]" (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2010) 184 Cal.App.4th 196, 208.) "'[A] settlor with the power to revoke a living trust effectively retains full ownership and control over any property transferred to that trust ….' [Citations.]" (*Ibid.*) Where the owner of property transfers that property into a revocable trust in which the settlor is both trustee and lifetime beneficiary, we do not believe the individual and the trustee are such separate and distinct entities that the admissions of the individual cannot be used against the trustee.

The trustee offered no evidence of the nature of the trust in support of her objections that, as trustee, she is a separate party not bound by Greer's individual admissions; for example, she presented no evidence the trust was irrevocable. The trustee's reply brief in support of her motion to set aside default suggests the trust is a revocable living trust of which only Greer is a current beneficiary.

Accordingly, the trial court did not abuse its discretion by overruling the trustee's objections to the use of the matters deemed admitted against her.

12

## V.  Triable Issue of Material Fact

Defendants argue that, even if the deemed admissions were properly used by plaintiff in support of its separate statement, summary judgment should have been denied because defendants raised triable issues of material fact.  This argument, however, ignores the effect of matters deemed admitted.  Matters deemed admitted pursuant to section 2033.280, like matters expressly admitted by a party, are "conclusively established against the party making the admission."  (§ 2033.410, subd. (a).)  "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979.)  "Trial courts have the discretion to consider parol evidence that explains an admission.  [Citation.]  However, while courts may utilize evidence to elucidate and explain an admission, they cannot use such evidence to contradict the plain meaning of a response to a request for admissions. [Citation.]  If a response to a request for admission is unambiguous, and is not subject to different meanings, the matter admitted is conclusively established.  [Citation.]" (*Monroy v. City of Los Angeles* (2008) 164 Cal.App.4th 248, 260.)

Defendants have not argued that the matters deemed admitted were ambiguous or subject to interpretation.  While defendants could have argued about the legal effects of the facts admitted, e.g., whether the presence of the specified items on the property constituted a violation of the CC&Rs, they could not deny or dispute the facts themselves, e.g., that the specified items were present on defendants' lots during the time periods stated.

### A.  *As to Milliron and Greer as an individual*

Defendants assert Milliron's and Greer's declarations in opposition to the motion, "although not as lengthy or voluminous as those submitted on behalf of Plaintiff PMLA, were just as specific, decisive and conclusive in substantively denying and contesting the

13

factual assertions of PMLA." Defendants, however, could not dispute the facts that were conclusively deemed admitted.

Milliron and Greer were deemed to have admitted that the association's governing documents prohibited members from storing personal property on the lots other than entirely within enclosed storage areas. The CC&Rs also provided that "[e]xcept in periods of approved construction, no machinery or equipment of any kind shall be placed, operated or maintained upon or adjacent to any Lot, except machinery or equipment as is usual or customary in connection with the use, maintenance or repair of a private Residence or appurtenant structures within the Properties." Defendants apparently contended the items on their property were not violations of the CC&Rs because they were construction equipment on their lots for approved construction. They submitted virtually identical declarations stating they had been granted building permits by the county and plaintiff in 2004 and 2005, respectively, but Milliron sustained a serious injury in 2009, which stopped progress on the building project.

Greer and Milliron were deemed to have admitted they continuously parked two automobiles and a boat and trailer on the vacant lot for two years; they kept storage racks, a heater, a washer/dryer, disconnected pool equipment, and a jetted tub on the lot with the residence, and not within an enclosed storage area, for more than two years. Greer and Milliron provided no evidence, and made no argument, that these items constituted construction equipment.[4] Greer and Milliron were also deemed to have admitted they

---

**4**     The record contains no separate statement filed by Milliron or Greer as an individual in response to plaintiff's separate statement of undisputed material facts, although defendant's opening brief asserts that each defendant filed one. It is the appellant's responsibility to provide an adequate record for review. (*Ballard, supra*, 41 Cal.3d at p. 574.) If the superior court clerk omits a required or designated document from the record, the appellant may serve and file in that court a notice requesting that the document be prepared, certified and sent to the reviewing court. (Rule 8.155(b)(1).) The clerk must comply with the notice within 10 days after it is filed. (Rule 8.155(b)(2).) Because Milliron and Greer as an individual did not ensure their separate statements were included in the record, there is nothing in the record to indicate they identified

received numerous notices from plaintiff concerning these violations and imposing fines for them, but Greer and Milliron failed to respond to the notices.

The trial court reviewed the declarations submitted by Greer and Milliron and concluded a triable issue of fact can only be raised through a conflict in evidence, not through "'cryptic, broadly phrased, and conclusory assertions, or mere possibilities.'" (Quoting *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525-526.) It opined a triable issue cannot be created by merely offering conclusions, opinions, and denial of the facts set out in the moving party's separate statement. The trial court rejected defendants' implied contention there was no violation of the CC&Rs because the CC&Rs permitted construction equipment and machinery to be placed on the lots during periods of approved construction. It "fail[ed] to see how boats, trailers, storage racks, insulation, a heater, a washer and dryer, pool equipment, plumbing supplies, and a bath tub qualify as 'construction machinery or equipment.'"

Defendants assert the trial court relied on an incorrect legal standard in granting summary judgment; they contend the trial court improperly demanded "evidence" to raise a triable issue. They seem to be distinguishing documentary or other evidence from a simple denial by a party. They state material evidence is sometimes unavailable prior to trial, and it is sometimes difficult, if not impossible, to prove a negative or disprove a false allegation, other than by a denial.

The trial court correctly stated that admissible evidence is necessary in order to raise a triable issue of material fact in opposition to a motion for summary judgment. (§ 437c, subds. (b)(2), (3) & (d).) Because the facts set out in plaintiff's separate statement were deemed admitted by defendants, however, they were conclusively established and defendants could not deny them, even if the denial constituted admissible

facts other than those contained in plaintiff's separate statement that they contended were disputed and raised a triable issue of material fact.

15

evidence. Defendants have not established any prejudicial error in the trial court's decision.

**B.      *As to Greer as trustee***

Plaintiff's separate statement asserted the same statements of fact against Greer as trustee as against the other defendants. The trustee filed a responsive separate statement which objected to the use of the deemed admissions against the trustee and disputed some of the statements of fact. The trustee disputed plaintiff's statement that the CC&Rs constituted equitable servitudes binding on all owners in the development, including defendants; she asserted she was not subject to the servitudes and had not violated the CC&Rs. In response to plaintiff's statements that the governing documents prohibited storing personal property, machinery, or equipment on vacant lots, the trustee responded that "[t]he statement is false, insofar as it contradicts the CC&Rs, Article VIII, allowing construction and the presence of equipment and materials necessary for building of residential housing." She disputed, without explanation, the statements that insulation, plumbing and drainage supplies, and a jetted tub were on defendants' lot, not within an enclosed storage area, during certain time periods. Regarding some of plaintiff's statements that it issued notices to Greer, imposed fines, or received no response to its notices, the trustee disputed the statement and asserted "the statement is false."

The only evidence cited by Greer as trustee in support of the existence of a dispute in the facts presented was the declarations of Greer and Milliron. Those declarations did not deny the presence of the items identified by plaintiff, other than rubbish, on the lots owned by defendants. They provided no facts showing Greer as trustee was not an owner of the lots, was not bound by the CC&Rs, or did not receive notices of violation and fines from plaintiff.

Further, like Milliron and Greer individually, Greer as trustee was bound by the deemed admissions. Thus, she could not dispute the facts deemed admitted by asserting

16

they were false. Her separate statement contained no additional facts she contended created a triable issue of fact. As a result, Greer as trustee failed to demonstrate there were triable issues of material fact remaining to be litigated.

## VI.    Reconsideration

Defendants contend the trial court abused its discretion by denying their motion for reconsideration of the order granting summary judgment. They attempt to incorporate by reference the motion, memorandum of points and authorities, and the declaration of the trustee's attorney filed in the trial court. "It is well settled that the Court of Appeal does not permit incorporation by reference of documents filed in the trial court." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20.) Accordingly, we disregard the purported incorporation by reference. (*Ibid*.)

A party affected by an order may, within 10 days after service of written notice of entry of the order, file a motion for reconsideration based on new or different facts, circumstances, or law. (§ 1008, subd. (a).) In addition to identifying new or different facts, circumstances, or law, a party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence or cite the law at an earlier time. (*Jones v. P.S. Development Co., Inc.* (2008) 166 Cal.App.4th 707, 724 (*Jones*), disapproved on other grounds in *Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 532, fn. 7; *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198, 1200.) "The trial court's ruling on a motion for reconsideration under section 1008 is reviewed for an abuse of discretion." (*Jones,* at p. 724.)

Defendants timely moved for reconsideration of the order granting summary judgment. They contend their motion for reconsideration raised a new issue regarding whether plaintiff used confidential and inadmissible material that originated in the mediation process in support of the motion for summary judgment. Defendants do not identify any such information or refer to any evidence in the record indicating any

17

material plaintiff relied on in its motion was acquired through mediation. They assert the information was protected and inadmissible pursuant to Evidence Code sections 1115, et seq., 1119, 1126, and 1150 through 1152. Defendants concede in their opening brief, as they did in their motion for reconsideration, that Milliron "did in fact verbally assert this objection during the hearing on the Summary Judgment Motion." We note that Milliron also objected on that basis in his tardy proposed responses to plaintiff's requests for admission. Defendants' contention apparently is that they did not cite the statutes in support of Milliron's objection, so by identifying the relevant statutes in the motion for reconsideration, defendants presented new or different law in support of the motion.

Defendants admit Milliron knew of the objection at the hearing of the motion for summary judgment, but failed to cite the appropriate law in support of it. Defendants' motion for reconsideration did not provide a satisfactory explanation (or any explanation) for the failure to cite the applicable law in opposition to the motion for summary judgment. Accordingly, the trial court did not abuse its discretion by denying defendants' motion for reconsideration.

## VII.   Attorney Fees

Plaintiff interprets the final argument section of defendants' opening brief as challenging the postjudgment award of attorney fees to plaintiff. We do not interpret it as such. The first paragraph contains a request that defendants be awarded their attorney fees in the event they prevail in this appeal. The other two paragraphs appear to explain why the award of attorney fees is not currently being appealed. Whatever defendants' intent was, their argument does not identify any error by the trial court in making the award of fees. Since it is defendants' burden as appellants to identify and demonstrate prejudicial error in the judgment or order appealed (*Yield Dynamics, supra,* 154 Cal.App.4th at pp. 556-557; *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337), and defendants have not done so with respect to the attorney fee order, we deem the

18

argument forfeited and disregard the last two paragraphs of this argument section.  (*Salas v. California Dept. of Transportation* (2011) 198 Cal.App.4th 1058, 1074.)

## ***DISPOSITION***

The judgment is affirmed.  Plaintiff is awarded its costs on appeal.


_____

HILL, P. J.

WE CONCUR:


_____

LEVY, J.


_____

FRANSON, J.