## STUART *v.* LANDER.

PLEADINGS in Justices' Courts construed with great liberality, and if the facts stated be sufficient to show the nature of the claim or defense, nothing further is required. To reverse a judgment had in such Courts for defects in the complaint, the defects should be such as were calculated to mislead the adverse party.

An action will lie on a judgment obtained in a Justice's Court in this State, even when the time within which an execution could be issued on such judgment has expired.

A judgment is a contract within the sixty-seventh section of the Act concerning Courts of Justice and Judicial Officers.

It is not error for a Court to refuse permission to set up the Statute of Limitations after answering to the merits.

APPEAL from the County Court, Santa Clara.

The plaintiff recovered judgment against the defendant in the Court of a Justice of the Peace, on the fourth day of November, 1854, and

Stuart v. Lander.

on the fourth day of November, 1850, brought suit upon that judgment against the defendant, before another Justice of the Peace, Shearer, and obtained a judgment thereon, from which the defendant appealed to the County Court, when the cause was tried *de novo*, and judgment rendered against defendant for the sum of two hundred and eighty-five dollars, debt and interest, with costs.

The complaint, so-called, and the answer, consist of a transcript of the docket of the two Justices, as follows:

| "James F. Stuart, | | | |
|---|---|---|---|
| v. | } | Judgment, Nov. 4th, 1854, | $170.43 |
| C. W. Lander. | } | Damage, | 8.52 |
| | | Costs on Judgment, | 7.25 |
| | | Costs on Garnishee, | 6.50 |

| Debt, damages and costs, | | | 191.70 |
|---|---|---|---|
| | Interest, | 19.17 | |
| | | 5 | |
| | | 95.85 | 95.85 |
| | | | $287.55" |

- "Nov. 4th, 1859."

| "James F. Stuart, | | Demand on unpaid Judgment on the |
|---|---|---|
| v. | } | Docket of Judge Thomas now in . my |
| C. W. Lander. | } | possession, filed Nov. 4th, 1859. |

Summons issued to Constable returnable Nov. 7th, at two o'clock, P. M.; returned served. The parties appear by counsel at the time set for trial. Defendant, for answer, puts in a general denial."

When the cause was called for trial in the County Court, defendant moved to dismiss, on the ground that the Justice before whom it was tried had no jurisdiction of the subject matter of the action. Overruled. Defendant then asked leave to file a written answer, the one already in being oral. The Court refused, on the ground that the answer proposed to set up the Statute of Limitations, and this the Court declined to allow, by way of amendment, at that stage of the case.

Plaintiff, having introduced the judgment, etc., obtained in 1854, rested, when defendant moved to dismiss the action, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Overruled. Judgment being rendered for plaintiff, defendant subse-

quently moved to arrest it, on the same grounds, and also on the ground that the complaint did not state facts sufficient to support the judgment.

Denied.    Defendant appeals.

*S. O. Houghton,* for Appellant.

1. Judgments rendered in Justices' Courts cease to exist, after the lapse of five years.    (*White* v. *Clark,* 8 Cal. 512.)

The judgment here was rendered Nov. 4th, 1854, and more than five years had elapsed when suit was brought on it Nov. 4th, 1859.    (2 Story Eq. Jur. sec. 1521, *a; Pierpont* v. *Graham,* 4 Wash. C. C. 232.)

2. Justices have no jurisdiction of actions on judgments rendered in Justices' Courts.    (Wood's Dig. 155.)    Judgments are not contracts within the act.

3. The complaint is a mere account, and does not aver any fact whatever.    In pleading the judgment of a Court of inferior jurisdiction, the facts showing jurisdiction must be plead; or, if the mode provided by our statute (Pr. Act, sec. 59) is intended by the pleader, he must use the very words of the statute.    (*Hunt* v. *Dutcher,* 13 How. 538.)

*L. Archer,* for Respondent.

1. The case of *White* v. *Clark,* cited by appellant, does not cover this case.    There, the question was as to issuing an execution after five years.    Here, it is as to the validity of the judgment for other purposes —as to support a new suit, or a proceeding by *scire facias.*

2. As to time, the fourth of Nov. 1854 must be excluded.    (Pr. Act, sec. 530.)

3. Judgments are contracts, and the Justice had jurisdiction.    (Parsons on Cont. vol. 1, 7; Chitty on Cont. 2; *Ames* v. *Hoy,* 12 Cal. 11.)

4. The complaint is sufficient.    (Pr. Act, secs. 571–2, 578; 3 Abbott's Pr. 100.)

COPE, J. delivered the opinion of the Court— FIELD, C. J. and BALDWIN, J. concurring.

We think the complaint in this case is not so radically defective as to vitiate the judgment.    Pleadings in Justices' Courts must be construed with great liberality, and if the facts stated are sufficient to show the nature of the claim or defense relied upon, nothing further is required. Where, as in this case, it is unnecessary that the pleadings should be in writing, it is difficult to lay down any rule for determining their suffi-

ciency.   To authorize the reversal of a judgment, the defects com-
plained of should be such as were calculated to mislead the adverse
party.

The action is upon a judgment, and there is no foundation for the
objection to the jurisdiction of the Court.   A judgment is a contract,
and by the sixty-seventh section of the Act concerning Courts of Justice
and Judicial Officers, Justices' Courts are invested with jurisdiction of
actions upon all contracts for the recovery of money, where the amount
in dispute does not exceed the constitutional limits.   Chitty says that
judgments are contracts by specialty, and they are so treated by the
authorities generally.   (Chitty on Cont. 2 ; 1 Par. on Cont. 7.)   *Ames*
v. *Hoy* (12 Cal. 11) was an action upon a judgment rendered in this
State, and we held that such an action could be maintained, even though
an execution might be issued to enforce the judgment.   The present is
a much stronger case, for the time within which an execution could be
issued had expired, and there was no means of enforcing the judgment
except by action.   The Court did not err in refusing to permit the
defendant to set up the Statute of Limitations after he had answered to
the merits.

We see no error in the record, and the judgment is therefore affirmed.