[Civ. No. 5194. Second Appellate District, Division One.—June 6, 1928.]

LYNN S. ATKINSON, Jr., Respondent, v. CHARLES H. ADKINS, Appellant.

James W. Barbee for Appellant.

H. G. Bittleston and Edward Judson Brown for Respondent.

CONREY, P. J.—Judgment on the pleadings was rendered against the defendant. The complaint, duly verified, which was filed on the twenty-fourth day of August, 1923, declared upon a judgment rendered in favor of the plaintiff and against the defendant Adkins (and the defendant Delaney, who was not served and did not appear in this action), on the twenty-ninth day of August, 1918. In his answer appellant admitted that he has not paid the judgment, but "as to whether or not no part of said judgment has ever been paid and/or that said judgment now remains wholly or at all unpaid this defendant is not informed, and this defendant has no information or belief upon the subject sufficient to enable him to answer said allegation and placing his allegation upon that ground, denies the same." As a separate defense appellant pleaded that the action is barred by the provisions of section 336, subdivision 1, of the Code of Civil Procedure, which prescribes a five-year limitation for action upon a judgment. As a further defense appellant pleaded that the plaintiff is estopped because of laches, in that the summons herein was not served upon appellant until April 25, 1925, although appellant during all of the preceding time while the action was pending was residing and well known to be residing in the city of Los Angeles.

The grounds of appeal are: That appellant's general demurrer to the complaint should have been sustained, for the reason that no cause of action was stated; that the motion for judgment on the pleadings should not have been granted, inasmuch as, in the manner hereinabove stated, the defendant denied that no part of the judgment has been paid, and denied that the judgment remains wholly or at all unpaid; that respondent is estopped by reason of laches and delay in the prosecution of the action.

Section 685 of the Code of Civil Procedure provides: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by

judgment for the purpose, founded upon supplemental pleadings . . . '' It is the contention of appellant that because the plaintiff might have enforced his original judgment by execution either before or after the lapse of five years from the date of its entry, or by supplemental pleading might have renewed the judgment without instituting a separate action, the right to institute a separate action is by law superseded and denied. We think that there is no merit in this point. Section 685 of the Code of Civil Procedure, deals only with the method of enforcing a judgment, and especially the method of enforcing a judgment after the right to institute a new action has become barred. The section does not either directly or by implication affect the right of a judgment creditor, within the period of limitation, to institute an action upon his judgment.

With regard to appellant's claim that his answer raised an issue which entitled him to go to trial upon the matter of nonpayment of the judgment, we are of the opinion that, the existence of the judgment being admitted, and in the absence of any plea of payment, there was no fact undetermined, and on the face of the record the plaintiff was entitled to judgment. In *Janeway & Carpender* v. *Long Beach etc. Co.,* 190 Cal. 150 [211 Pac. 6], the defendant admitted the existence of a certain obligation to pay money, and denied the allegation of nonpayment. Judgment on the pleadings was granted, and the defendant appealed. The supreme court, after noting the denial as above stated, said: ''But the admissions of the other essential allegations of the complaint established the proposition that the defendant owed this sum of money to plaintiff for the goods sold to him. When that is established the rule of law is that it then devolves upon the defendant to prove the payment thereof. (*Melone* v. *Ruffino,* 129 Cal. 518 [79 Am. St. Rep. 127, 62 Pac. 93].) Consequently the plaintiff might have rested its case upon the pleadings, and awaited the introduction of proof of payment of this count, or part hereof, by the defendant.'' The court then said that if it was technically erroneous to grant the motion for judgment on the pleadings, the error was cured by certain subsequent stipulations. The court did not definitely say that the granting of the motion was erroneous, but affirmed the judgment because on the entire record it was considered to be a case

within the scope of section 4½ of article VI of the constitution, because evidently there was no miscarriage of justice.

In *Melone* v. *Ruffino, supra,* at 518, the court said: ''Where a plaintiff has proved the existence of a debt sued on—at least, within the period of statutory limitation—the burden of proving payment is on the defendant. That this is the rule at common law no one can doubt; and we have no statutory law changing it. Greenleaf states it as follows: 'The defense of payment may be made under the general issue, in *assumpsit;* but, in an action for debt on a specialty or on a record, it must be specially pleaded. In either case the burden of proof is on the defendant, who must prove the payment of money, or something accepted in its stead, made to the plaintiff, or to some person authorized in his behalf to receive it.' In Cowen & Hill's Notes to Phillips on Evidence, volume 1, side page 810, the authors, quoting from an authority and citing others, give the rule in this language: 'The principle that he who alleges himself to be the creditor of another is obliged to prove the fact of agreement upon which his claim is founded, when it is contested; and that, on the other hand, when the obligation is proved, the debtor who alleges that he has discharged it is obliged to prove the payment, is clearly one of those propositions in which every system of jurisprudence must concur in general, whatever particular rules may be adopted, as to the mode and form of the allegations, by which the necessity of such proof is to be determined.' The same rule has been recognized and declared frequently in this state.'' See, also, *Miller & Lux* v. *Dunlap,* 38 Cal. App. 313 [152 Pac. 309].

In the case at bar the action is ''on a record,'' that is to say, on a judgment. It being admitted that the judgment was ''duly given and made'' within five years before the commencement of this action, the plaintiff was entitled to judgment thereon in this action, unless the defendant alleged and proved payment, or some other valid defense. The answer as made herein did not allege payment. *Prima facie* the judgment was unpaid. In such state of the pleadings, the court did not err in granting the motion for judgment on the pleadings. Moreover, there is no suggestion

that the defendant, either by answer or in resisting the motion, asked to be permitted to prove payment.

The answer is wholly insufficient as a plea of estoppel. We are not aware of any rule of law or of equity which permits an action to be barred by estoppel or laches merely because a summons, which was served within the period limited by the statute, was not immediately served upon the defendant at or near the time of commencement of the action.

It appearing that the appeal has been taken for purposes of delay, it is ordered that the judgment be affirmed, and that respondent recover his costs of appeal, together with added damages in the sum of $50.

Houser, J., and York, J., concurred.