[No. H008197. Sixth Dist. Apr. 27, 1992.]

PAUL W. GREEN, Plaintiff and Appellant, v.
JAMES ZISSIS, Defendant and Respondent.

## COUNSEL

Coblentz, Cahen, McCabe & Breyer and Jonathan R. Bass for Plaintiff and Appellant.

Tod M. Ratfield and Edward Weiss for Defendant and Respondent.

## OPINION

**CAPACCIOLI, Acting P. J.**—Plaintiff brought an independent action on a judgment after he failed to timely renew it. The trial court ruled for defendant after it found that plaintiff's judgment had become unenforceable because he failed to timely renew it and therefore it could no longer provide the basis for an action. On appeal, plaintiff asserts that he was entitled to judgment because he was not seeking to renew or "enforce" his judgment but was instead bringing a new action which, when the tolling provisions of Code of Civil Procedure[1] section 351 were taken into account, was commenced timely prior to the expiration of the limitations period for actions on judgments. For the reasons expressed below, we reverse.

### FACTS

On May 10, 1977, plaintiff obtained an interest-bearing money judgment for $150,290.64 against defendant in Santa Clara County Superior Court. Plaintiff subsequently received $2,000 in partial satisfaction of that judgment. Defendant has been absent from the state and the country since plaintiff obtained the original judgment and remains so. In 1987 plaintiff obtained a renewal of the judgment. The renewal was later vacated apparently because the application for renewal had not been properly and timely filed. In June 1989 plaintiff filed an independent action against defendant based on the original judgment.

The parties stipulated to these facts and the action proceeded to trial based only on these stipulated facts. The trial court determined that since the original judgment was unenforceable due to plaintiff's failure to timely renew it, it could not form the basis for an action. The court therefore

---

[1]Statutory references are to the Code of Civil Procedure unless otherwise specified.

entered judgment for defendant. Plaintiff's motions to vacate the judgment and for a new trial were denied.

DISCUSSION

A.   ACTION ON JUDGMENT CAN BE BROUGHT AFTER EXPIRATION OF ENFORCEMENT PERIOD

■   "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment . . . [t]he judgment may not be enforced." (§ 683.020.) "The judgment creditor may [however] be able to bring an action on the judgment after the 10-year enforcement period of this section has expired if the statute of limitations provided by Section 337.5 has not yet run." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., § 683.020 (1987 ed.) p. 72.) An action upon a judgment may therefore be commenced after the period for obtaining an execution of the original judgment has expired and there is no other means of enforcing the judgment except by action. (*Stuart* v. *Lander* (1860) 16 Cal. 372, 375; *Pratali* v. *Gates* (1992) 4 Cal.App.4th 632 [5 Cal.Rptr.2d 733]; *Turner* v. *Donovan* (1942) 52 Cal.App.2d 236, 240 [126 P.2d 187]; *Atkinson* v. *Adkins* (1928) 92 Cal.App. 424, 426 [268 P. 461].) Defendant's assertions to the contrary are not supported by any authority.

B.   VACATION OF RENEWAL DID NOT AFFECT ORIGINAL JUDGMENT

■   Defendant argues that the order vacating plaintiff's attempted renewal of the original judgment rendered the original judgment invalid. The court's order vacating the "renewed" judgment had no effect on the original judgment. The original judgment remained valid, although lacking renewal it could not be enforced under section 683.020. Defendant's contention that the original judgment was thereby invalidated is wholly unmeritorious.

C.   PLAINTIFF'S ACTION WAS TIMELY FILED

The statute of limitations for an action on a judgment is 10 years. (§ 337.5.) However, "[i]f, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action." (Code Civ. Proc., § 351.) ■   Section 351 tolls the running of the applicable statute of limitations during any period when the defendant is absent from the state. (*Dew* v. *Appleberry* (1979) 23 Cal.3d 630, 632-637 [153 Cal.Rptr. 219, 591 P.2d

509]; *Cvecich* v. *Giardino* (1940) 37 Cal.App.2d 394, 397-400 [99 P.2d 573].)

The tolling provisions of section 351 apply both to nonresident defendants who have never entered the state and to resident defendants who are temporarily absent from the state. (*Kohan* v. *Cohan* (1988) 204 Cal.App.3d 915, 921 [251 Cal.Rptr. 570]; *Cvecich* v. *Giardino, supra,* 37 Cal.App.2d at p. 399.) "[S]ection 351 . . . toll[s] the statute of limitations as to a cause of action against a defendant who was a nonresident of California when the cause of action accrued [and] the statute commences to run only when the defendant enters the state." (*Kohan* v. *Cohan, supra,* 204 Cal.App.3d at p. 921.) The defendant need not "enter" or "return" to the state in order for the plaintiff to commence an action which takes advantage of the tolling provisions of section 351. (*Cvecich* v. *Giardino, supra,* 37 Cal.App.2d at p. 400.) A plaintiff may bring suit at any time after the accrual of a cause of action prior to the expiration of the applicable limitations period. (Code Civ. Proc., § 312.)

A cause of action on a judgment accrues when "the judgment has become final either upon expiration of the period within which an appeal may be taken, or, if an appeal is taken, upon the issuance of the remittitur when the judgment has been affirmed." (*Hoover* v. *Galbraith* (1972) 7 Cal.3d 519, 525-526 [102 Cal.Rptr. 733, 498 P.2d 981].) Plaintiff herein obtained a judgment in May 1977. Accrual of plaintiff's cause of action occurred upon the nonappeal of this concededly valid final judgment. ██ Nevertheless, the 10-year statute of limitations period prescribed by section 337.5 did not begin to run because defendant was then absent from the state and has remained absent to this day. (Code Civ. Proc., § 351.)

Since plaintiff's cause of action had accrued and, due to the tolling provisions of section 351, the limitations period had not expired, plaintiff's action was timely. filed.

## D.  PLAINTIFF WAS ENTITLED TO JUDGMENT

"A judgment creditor is entitled as a matter of right to a judgment on the original judgment providing it is commenced within the 10-year statute of limitations period." (*United States Capital Corp.* v. *Nickelberry* (1981) 120 Cal.App.3d 864, 868 [174 Cal.Rptr. 814]; accord *Atkinson* v. *Adkins, supra,* 92 Cal.App. at p. 426.) Defendant's claim that plaintiff failed to meet his burden of proof is frivolous. The parties stipulated that plaintiff had an unsatisfied judgment against defendant and that defendant had been absent from the state since at least 1977. Plaintiff was not required to prove more. He was entitled to judgment.

## Conclusion

The judgment is reversed and the trial court is directed to enter judgment for plaintiff. Plaintiff shall recover costs on appeal.

Premo, J., and Elia, J., concurred.