Filed 2/28/13  Russell v. Litzinger CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| BRENDA RUSSELL et al., | |
| Plaintiffs and Respondents, | G046866 |
| v. | (Super. Ct. No. 30-2011-00509803) |
| JEANNIE LITZINGER et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Glenda Sanders, Judge, and Hugh Michael Brenner, Judge.  (Retired judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Theodore C. Beall for Defendants and Appellants.

Gerard W. O'Brien for Plaintiffs and Respondents.

\*        \*        \*

Defendants and appellants Jeannie Litzinger and Carlton Fontain appeal from a judgment entered in California pursuant to the Sister State Money-Judgment Act (Code Civ. Proc., § 1710.10 et seq.; all further statutory references are to this code) (Act) to domesticate an Illinois judgment against them in favor of plaintiffs and respondents Brenda Russell and Martin V. Harrington II. They contend the trial court erred in finding the statute of limitations had been tolled because the tolling statute did not apply. We disagree and affirm.

FACTS AND PROCEDURAL HISTORY

In 1994 plaintiffs obtained a judgment in Illinois against defendants in the sum of just over $430,000 and collected about $335,000. In 2011 defendants inherited property, collectively totaling approximately $40,000. The estate is being probated in Los Angeles. In September 2011 plaintiffs filed an application to domesticate the Illinois judgment in California for the purpose of levying on the probate assets. The court granted it and entered judgment in the sum of slightly more than $110,000 against defendants.

Defendants filed a motion to vacate the judgment on the grounds it was barred by the statute of limitations. The court denied the motion on the ground the statute of limitations was tolled because defendants did not reside in nor had they "'entered' or 'returned' to California." Although not supported by evidence in the record, none of the parties dispute that defendants have never lived in or even visited California. The court subsequently denied defendants' motion for reconsideration.

2

DISCUSSION


To enforce a money judgment from another state, a creditor may domesticate it in California by filing an application pursuant to the Act, as plaintiffs did in this case. The statute of limitations for domesticating a judgment under the Act is 10 years. (§ 337.5, subd. (a).) But section 351 states that "[i]f, when the cause of action accrues against a person, he is out of the State, the *action* may be commenced within the term herein limited, after his *return* to the State . . . ." (Italics added.)

Here, plaintiffs domesticated the Illinois judgment, which had not expired, in California approximately 18 years after it was entered, well beyond the 10-year period. But since defendants had never been in California the statute of limitations was tolled under section 351.

Defendants argue section 351 does not apply based on their interpretation of the words "action" and "return" contained in that section. Thus, they contend, the statute of limitations has run and the judgment is invalid. We are not persuaded.

As to the term "action," defendants rely on section 350, which states "[a]n action is commenced, within the meaning of this [t]itle, when the complaint is filed." Here no complaint was filed, only the application to domesticate the judgment. Prior to the enactment of the Act in 1974, the only way to domesticate a sister state judgment was to file a new complaint. (§§ 1710.65, 1913, subd. (a).) Defendants argue section 351 applies only to those actions. This interpretation is too narrow.

Defendants' construction would substantially interfere with the purpose of the Act, which is "to provide a summary method of enforcing a foreign judgment" and "'to offer savings in time and money to both courts and judgment creditors'" while also treating the judgment debtor fairly. (*Fishman v. Fishman* (1981) 117 Cal.App.3d 815, 821-822.) It would lead to unfair results, where judgment creditors who filed a separate action could rely on the tolling statute whereas creditors who used the summary

3

procedure could not. "'"[I]t is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citations.]'" [Citation.]" (*Petrou v. South Coast Emergency Group* (2004) 119 Cal.App.4th 1090, 1095.) There is no reason to treat the two classes of creditors differently.

Moreover, section 363 states "[t]he word 'action' as used in this [t]itle is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature." An application under section 351 falls within the meaning of a "special proceeding." This was confirmed in *Epps v. Russell* (1976) 62 Cal.App.3d 201[1] where the defendant made a similar argument. The court held that section 363 applied to applications domesticating a judgment under section 351. (*Epps v. Russell, supra*, 62 Cal.App.3d at p. 204.)

Defendants' second claim as to why section 351 does not apply is that, because they have never been in California, they have never "returned." This argument fails as well.

In *Green v. Zissis* (1992) 5 Cal.App.4th 1219, where the court held the statute of limitations was tolled, it stated a defendant "need not 'enter' or 'return' to the state" to rely on section 351. (*Id*. at p. 1223; accord *Cvecich v. Giardino* (1940) 37 Cal.App.2d 394, 399-400 [although "return" usually implies "coming back," "return" used in statutes of limitations, including section 351, "uniformly" construed to include defendants who have never been in state].)

---

[1] At oral argument defendants asserted we should not rely on this case because plaintiff improperly raised it in a notice of additional argument filed with the court. We did not accept plaintiff's document for filing because the notice went beyond a mere citation to additional authority. However defendants cited the case themselves for another point and our own research led us to the case regarding this issue.

Defendants argue *Cvecich* and *Green* do not apply because in both cases the plaintiffs filed a complaint to domesticate the sister state judgment as opposed to filing application under the Act. But, as discussed above, there is no difference between the two procedures in terms of the applicability of section 351. Defendants also point out that in *Green*, the court already had jurisdiction over the defendant because he was present in California to defend against the action. We see no reason as to why this fact distinguishes that case from ours. Defendants fail to cite any authority or make any reasoned legal argument to support their cursory claim and thus it is forfeited. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

DISPOSITION

The judgment is affirmed. Plaintiffs are entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

5