Filed 6/28/24  Ford v. Deitz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICIA FORD,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SHAWN DEITZ,<br><br>    Defendant and Appellant. | F086236<br><br>(Super. Ct. No. 21CECG03486)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Shawn Deitz, in pro. per., for Defendant and Appellant.

Coleman & Horowitt, Robert K. Ashley, for Plaintiff and Respondent.

-ooOoo-

The trial court granted summary judgment to Patricia Ford, plaintiff and respondent, on her single-claim complaint for "action on judgment." Shawn Deitz, defendant and appellant, appealed. Deitz is self-represented on appeal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2011, the United States Bankruptcy Court for the Eastern District of California (Fresno Division), issued a damages judgment in the amount of $386,092.76 in favor of Wayne and Patricia Ford (Wayne Ford subsequently passed away) and against Shawn Deitz. The judgment was "nondischargeable" pursuant to 11 United States Code section 523(a)(2)(A), (a)(4), and (a)(6). The relevant provisions of 11 United States Code section 523(a) provide that an individual debtor cannot be discharged from any debt where money was obtained by fraud or embezzlement, or the debtor caused "willful and malicious injury … to another entity or to the property of another entity." (11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6).)

Deitz appealed the bankruptcy court's ruling and judgment to the Bankruptcy Appellate Panel of the United States Court of Appeals for the Ninth Circuit, and thereafter, to the Ninth Circuit Court of Appeals. The Ninth Circuit issued its decision in the matter on July 28, 2014. (See *Deitz v. Ford*, *et al.* (*In re Deitz*) (9th Cir. 2014) 760 F.3d 1038 (*Deitz v. Ford*).) The Ninth Circuit noted in its decision: "Chapter 7 debtor Shawn Deitz seeks review of the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's judgment (1) awarding money damages to creditors Wayne and Patricia Ford; and (2) ordering that the Fords' claim be excepted from discharge. We … affirm." (*Deitz v. Ford* at p. 1039.) The Ninth Circuit further stated: "In our review, we conclude that the well-reasoned majority opinion of the BAP, *In re Deitz*, 469 B.R. 11 (9th Cir. BAP 2012), correctly sets forth the law and the application of that law as appropriate in this case. We therefore adopt it as our own, and we attach it as an appendix to this order." (*Ibid*.)

The BAP's opinion, adopted by the Ninth Circuit as its own opinion, delineates the facts of the dispute underlying the bankruptcy court judgment obtained by the Fords against Deitz. As explained in the BAP's opinion, when the Fords met Deitz, the latter was "a sometime general building contractor in the Fresno area." (*Deitz v. Ford*, *supra*, 760 F.3d at p. 1040.) Wayne Ford was a disabled U.S. Army veteran and Patricia Ford was a registered nurse. (*Ibid*.) The Fords entered into a contract with Deitz, pursuant to which Deitz was to build them a "handicap-assisted home." (*Ibid*.) Although Deitz represented on the contract that he was a licensed contractor, his license was suspended at the time. (*Ibid*.)

The Fords paid Deitz a total of $511,800.00 to build the home. Deitz admitted he failed to complete the construction. Deitz also did not provide the Fords with an accounting. Deitz filed a chapter 7 bankruptcy petition on June 20, 2008. The Fords commenced an adversary proceeding against Deitz on September 9, 2008. The trial in the adversary proceeding took place on April 4, 5, and 11, 2011. On July 28, 2011, the bankruptcy court entered the money judgment that is at issue in this case. The money judgment was in favor of the Fords and against Deitz in the amount of $386,092.76. The bankruptcy court ordered that the judgment was excepted from discharge in Deitz's bankruptcy case pursuant to 11 United States Code section 523(a)(2)(A), (a)(4) and (a)(6). (See *Deitz v. Ford*, *supra*, 760 F.3d at p. 1041.) The appeals process followed, culminating in the Ninth Circuit's opinion on July 28, 2014.

Years later, on September 8, 2021, the Fords filed a notice of renewal of judgment (dated September 7, 2021) in the United States Bankruptcy Court in Fresno. The clerk of the bankruptcy court signed and entered the notice of renewal on September 9, 2021. Thereafter, on October 6, 2021, Deitz filed a motion to vacate renewal of judgment in the bankruptcy court. The bankruptcy court granted Deitz's motion after a hearing. In a written order filed on November 22, 2021, the bankruptcy court ordered: "The *Notice of Renewal of Judgment* filed with, and signed by, the Clerk of the United States Bankruptcy

3.

Court on September 9, 2021 … is vacated and of no further force or effect." The bankruptcy court further ordered: "Pursuant to [Code of Civil Procedure section] 683.020 … the *Judgment* in favor of Wayne and Patricia Ford and against Defendant, in the original amount of $386,092.76, dated July 28, 2011 … is no longer enforceable against Defendant or his property on or after July 28, 2021."

On November 22, 2021, the same day that the bankruptcy court vacated the notice of renewal, Patricia Ford (Ford) initiated the instant matter by filing a complaint in the Fresno County Superior Court, alleging one cause of action for "action on judgment" pursuant to Code of Civil Procedure section 683.050 and 337.5. The complaint stated: "Code of Civil Procedure section 683.050 permits Plaintiff to bring this Action on the Judgment, even after the expiration of the 10-year enforcement period set forth in [Code of Civil Procedure] section 683.020, as the statute of limitations provided by Code of Civil Procedure section 337.5 has not yet expired." The complaint requested the following relief: "[T]he issuance of judgment in favor of Plaintiff for an amount subject to proof, but not less than $258,068.23, plus interest."

Ford subsequently moved for summary judgment in the instant matter, in May 2022. On January 18, 2023, the trial court issued a tentative ruling. The trial court noted: "The bankruptcy court's November 22, 2021 [order] specifically addressed the same debt alleged in plaintiff's complaint filed with this court. Furthermore, the order was based on the bankruptcy[ ] court's analysis of the same California statutes which frame the issues and pleadings. It also appears that the bankruptcy court's decision is final." The trial court added: "Therefore, because it appears that res judicata and the preclusive effect of the bankruptcy court's November 22, 2021 order are potentially dispositive issues yet insufficiently briefed, the court intends to continue the hearing on this matter to invite further briefing on those issues." The court then received the requested submissions from the parties.

4.

Thereafter, the trial court issued its tentative ruling granting summary judgment in favor of Ford in the instant matter. On March 1, 2023, the court's tentative ruling became the trial court's order (as Deitz did not request oral argument). The court's order stated:

"Plaintiff has plead one cause of action for recovery of a monetary judgment for $386,092.76 granted on July 28, 2011 from the United States Bankruptcy Court. [Citation.] Defendant – who was the debtor in the bankruptcy proceeding – appealed the judgment, and the Ninth Circuit Court of Appeals published its final decision on July 28, 2014 ("2014 Decision"). (See *In re Shawn Deitz* (9th Cir. 2014) 760 F.3d 1038, 1039 [holding that the Bankruptcy Appellate Panel ("BAP") had correctly affirmed the creditors' claim as exempt from discharge and adopting the BAP opinion as its own].) [¶] … [¶]

"Under well-settled authorities, the date the BAP [opinion as adopted by the Ninth Circuit] became final was the date the Ninth Circuit entered a final determination on appeal. (Code Civ. Proc. § 1049 ["An action is deemed to be pending from the time of its commencement until its final determination on appeal…."]; *St. Paul Fire & Marine Ins. Co. V. Cunningham* (9th Cir. 1958) 257 F.2d 731, 732; *Rilcoff v. Superior Court of Los Angeles County* (1942) 50 Cal.App.2d 503, 507.)

"In an application dated September 7, 2021, plaintiff applied for renewal of the July 28, 2011 judgment [citation], which was granted two days later on September 9th, pursuant to the clerk's 'automatic' and 'ministerial' duties. (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 165; [citation].) On October 6, 2021, defendant filed a motion to vacate the renewal on the basis that the clerk's renewal occurred more than ten years from July 28, 2011. [Citation.] Defendant's motion to vacate neither addressed nor mentioned the Ninth Circuit's 2014 decision, and it does not appear that the Ninth Circuit's 2014 decision was considered by the Bankruptcy Court.

"The Bankruptcy Court granted defendant's unopposed motion to vacate, and its order specified that '[p]ursuant to [California Code of Civil Procedure] § 683.020, a) the Judgment in favor of Wayne and Patricia Ford and against Defendant, in the original amount of $386,092.76, dated July 28, 2011 … *is no longer enforceable* against Defendant or his property on or after July 28, 2021; b) *All enforcement procedures pursuant to the Judgment or to a writ or order issued pursuant to the Judgment shall cease*….' [citation, emphasis added].) The order does not mention, expressly or impliedly, the Ninth Circuit's 2014 decision.

5.

"Under subdivision (a) of Code of Civil Procedure section 683.020 a judgment may not be enforced after 10 years have expired from its issuance. And the California Supreme Court notes that ' "[t]he normal rules of Res judicata and collateral estoppel apply to the decisions of bankruptcy courts." ' (*Martin v. Martin* (1970) 2 Cal.3d 752, 758, 764.)

"Here, however, the Bankruptcy Court's granting of defendant's motion to vacate the renewal did not invalidate the original, July 28, 2011, judgment, because, even where an original judgment is no longer enforceable under the provisions of Code of Civil Procedure section 683.020, it nevertheless remains valid. (*Green v. Zissis* (1992) 5 Cal.App.4th 1219, 1222 (*Zissis*) [rejecting as 'wholly unmeritorious' a contention that an order vacating a renewal invalidated the original judgment].) In other words, although the Bankruptcy Court issued a final decision regarding renewal, plaintiff's motion for summary judgment does not seek renewal or enforcement of the July 28, 2011 judgment, but rather seeks relief on the judgment rendered by the Ninth Circuit in 2014. (See *Martin v. Martin*, *supra*, 2 Cal.3d at p. 759 [res judicata only applies to those issues previously determined].)

"In addition, even if the July 28, 2011 judgment date is used, it appears that the Judicial Council's Emergency Rule no. 9 (See Cal. Rules of Court, Appendix 1, rule 9), operates to toll enforcement by at least *six* months. Plaintiff's commencement of this case in November, 2021 – which is *three* months outside the 10 year period – would be timely under application of the Judicial Council's emergency rule. (See *Zissis*, *supra*, 5 Cal.App.4th at p. 1223 [the plaintiff was entitled to judgment, despite expiration of the 10 year period under Code Civ. Proc., § 683.020, because statutory tolling principles applied].)

"Defendant's liability on the judgment can be decided as a matter of law, and therefore plaintiff's motion for summary judgment is granted. (Code Civ. Proc. § 473c, subd. (c).)"

The trial court entered judgment in favor of Ford on March 7, 2023, to the effect that "Plaintiff shall be entitled to $258,086.23, plus interest." This appeal from Deitz followed.

6.

## I. Trial Court Properly Granted Summary Judgment

### A. *Standard of Review*

"Summary judgment is granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) This court reviews de novo the trial court's decision to grant summary judgment and we are not bound by the trial court's stated reasons or rationales. [Citation.] [¶] In reviewing a motion for summary judgment, we accept as undisputed fact only those portions of the moving party's evidence that are uncontradicted by the opposing party. In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences that can be drawn therefrom are accepted as true." (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1001 (*Hersant*).) " 'We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249-1250.)

"[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon. (See Evid. Code, § 500.) There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof…. [A] plaintiff [moving for summary judgment] bears the burden of persuasion that 'each element of' the 'cause of action' in question has been 'proved,' and hence that 'there is no defense' thereto. (Code Civ. Proc., § 437c, subd. (o)(1).) A defendant [moving for summary judgment] bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto.

(*Id.*, § 437c, subd. (o)(2).)" (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850, fns. omitted.)

### B.    Applicable Legal Framework

A money judgment is enforceable for 10 years from the date of its entry.  (Code Civ. Proc., §§ 683.020,[1] 683.030;[2] *Zissis*, *supra*, 5 Cal.App.4th at p. 1222; *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200 (*Browne*).)  However, there are two alternative methods to extend the life of a money judgment.  First, a judgment creditor may renew a judgment for an additional 10 years.  (§ 683.110 et seq.)  Alternatively, "a judgment creditor may file a separate action on the judgment." (*Browne*, *supra*, at p. 200.)  "A judgment creditor may bring an independent action on a judgment even after the 10-year enforceability period has expired *if* the 10-year statute of limitations in section 337.5 has not yet run."  (*Id*. at pp. 200-201; *Stuart v. Lander* (1860) 16 Cal. 373 [action on judgment is appropriate when the time within which an execution could be issued has expired and there is no means of enforcing the judgment except by action].)

Section 683.050, which authorizes an action on judgment, provides in pertinent part:  "[N]othing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5."  As for section 337.5 of the Code of Civil Procedure, it authorizes within 10 years, "[a]n action upon *a judgment or decree of any court* of the United States or of any state within the United States."  (§  337.5, subd. (b), italics added.)

---

[1]  Code of Civil Procedure section 683.020(a) provides:  "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment … [¶ ] [t]he judgment may not be enforced."

[2]  Undesignated statutory references are to the Code of Civil Procedure.

The Law Revision Commission comments to section 683.050 specify: "Section 683.050 makes clear that the 10-year period of enforcement prescribed by Section 683.020 and the renewal procedure provided by [Section 683.110 et seq.] do not affect the right to bring an action on judgment. The limitation period for commencing the action is prescribed by Section 337.5. The 10-year [enforcement] period provided by Section 683.020 and the 10-year statute of limitations provided by Section 337.5 are not coterminous. The period prescribed in Section 683.020 commences on the date of entry and is not tolled for any reason. The statute of limitations commences to run when the judgment is final (See *Turner v. Donovan* [(1942) 52 Cal.App.2d 236]) and may be tolled." (See *Browne*, *supra*, 89 Cal.App.4th at p. 201 [citing Law Revision Commission comment]; see also *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 637 ["The treatment of an *action on a judgment* is distinguishable from the treatment of an application to *renew* the prior judgment."].)

*Turner v. Donovon* clarified that for purposes of an action upon a judgment cause of action, the statute of limitations " 'begins to run only when the right of action has accrued, and this … is after final determination on appeal, in the event that an appeal has been taken, or after the passage of the time in which an appeal might be taken, in the event that none has been.' " (*Turner v. Donovan, supra,* 52 Cal.App.2d at pp. 238-239; see *Zissis*, *supra*, 5 Cal.App.4th at p. 1222 ["A cause of action on a judgment accrues when 'the judgment has become final either upon expiration of the period within which an appeal may be taken, or, if an appeal is taken, upon the issuance of the remittitur when the judgment has been affirmed.' "].)

"A plaintiff may bring suit at any time after the accrual of a cause of action prior to the expiration of the applicable limitations period." (*Zissis*, *supra*, 5 Cal.App.4th at p. 1223; § 312 ["Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."]; § 1049 ["An action is

9.

deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."].)  "If the judgment creditor began an action within [the limitations] period, 'the creditor's right to recover remain[ed] alive, even though the 10-year period … subsequently expire[d].' " (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2008) 168 Cal.App.4th 185, 194.)

"An action upon a judgment may therefore be commenced after the period for obtaining an execution of the original judgment has expired and there is no other means of enforcing the judgment except by action." (*Zissis*, *supra*, 5 Cal.App.4th at p. 1222.) Further, the fact that a judgment creditor attempted but failed to renew the original judgment does not preclude the judgment creditor's ability to initiate an action upon a judgment. (*Ibid*. ["The court's order vacating the 'renewed' judgment had no effect on the original judgment.  The original judgment remained valid, although lacking renewal it could not be enforced under section 683.020."].)  " 'A judgment creditor is entitled as a matter of right to a judgment on the original judgment providing [an action] is commenced within the 10-year statute of limitations period.' " (*Zissis* at p. 1223.)

*Cadle Co. II, Inc. v. Fiscus* (2008) 163 Cal.App.4th 1232 summarizes the applicable law as follows:

> "In 1982, the Legislature enacted the Enforcement of Judgments Law (EJL).  (§ 680.010 et seq.)  Prior to enactment of the EJL, the means for renewal of a judgment in California was by filing an independent action on the judgment within the 10-year statute of limitations.  [Citation.]

> " 'In the [EJL], the Legislature adopted an alternative summary procedure for renewal [of judgments].  [Citations.]  Under this procedure, a money judgment is enforceable for 10 years from the date it is entered.  (§ 683.020.)  To obtain a renewal of the judgment, the judgment creditor must file an application for renewal with the clerk of the court that entered the judgment before the expiration of the 10-year period of enforceability.  (§ 683.130, subd. (a); see § 683.140 [setting forth information to be included in application].)  "Upon the filing of the application, the court

10.

clerk shall enter the renewal of the judgment in the court records."
(§ 683.150, subd. (a).)' [Citation.]

"But nothing in the EJL limits a judgment creditor's right to pursue an independent action on the judgment. (§ 683.050.) An independent action ' "based on a judgment is an action based on contract. The [original] judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his part to pay it. [Citation.]" [Citation.] Thus, when successful, an action on a judgment results in the entry of a new judgment.' " (*Calde Co. II, Inc. v. Fiscus*, *supra*, 163 Cal.App.4th at pp. 1237-1238.)

### C.     Analysis

Here, the bankruptcy court entered judgment in favor of the Fords in the amount of $386,092.76 and determined the judgment was not dischargeable. Deitz subsequently appealed to the Bankruptcy Appellate Panel of the Ninth Circuit and, thereafter, to the Ninth Circuit. In light of the authorities discussed above, upon issuance of the Ninth Circuit's decision on July 28, 2014, the judgment was rendered final. While the date of the original entry of judgment by the bankruptcy court (that is July 28, 2011) is relevant to the limitations period for *renewal* of judgment (§ 683.020), it is not relevant to the limitations period for the instant *action on judgment*. (§§ 683.050 and 337.5.) The statute of limitations for the instant action on judgment began running on July 28, 2014, when the Ninth Circuit's opinion was issued. The 10-year statute of limitations applicable to an action on judgment is therefore set to expire on July 28, 2024. (§ 337.5.) Patricia Ford filed the complaint initiating the instant action on judgment on November 22, 2021, well within the limitations period. Accordingly, the trial court properly granted Ford's motion for summary judgment.

Deitz's principal claim on appeal is that the trial court erred in concluding that the instant "action on judgment" cause of action accrued on July 28, 2014 (the date of issuance of the Ninth Circuit's opinion), rather than July 28, 2011 (the date of entry of the original judgment in the bankruptcy court). As discussed above, Deitz's claim is unavailing. Deitz also challenges the trial court's determination that the Judicial

11.

Council's Emergency Rule of Court No. 9 (related to the COVID-19 pandemic) tolled the applicable statute of limitations for an action on judgment cause of action during the pandemic.  However, in light of our determination that the complaint initiating the instant action was timely under section 337.5, we need not address Deitz's contentions regarding any tolling of the applicable statute of the limitations under the Judicial Council's Emergency Rule of Court No. 9.

Furthermore, to the extent Deitz contends summary judgment was precluded because res judicata or collateral estoppel applies here (with respect to the bankruptcy court's order vacating the Fords' notice of renewal), his contentions have no merit.  The action on judgment was not previously litigated in the bankruptcy court.  On the contrary, the trial court's grant of summary judgment pertained to an action on judgment cause of action that was separate and distinct from the renewal of judgment handled by the bankruptcy court.

As far as Deitz's remaining contentions are concerned, we have considered them and find they are either waived as improperly raised or have no merit.

## DISPOSITION

The judgment is affirmed.  Patricia Ford shall recover her costs on appeal.


SMITH, J.

WE CONCUR:


HILL, P. J.


DE SANTOS, J.


12.