Filed 6/29/26  Wells Fargo Bank v. Heston CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAN HESTON,<br><br>Defendant and Appellant. | B349935<br><br>(Los Angeles County<br>Super. Ct. No. BC447741) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dean J. Kitchens, Judge.  Affirmed.

The Fullman Firm, Adam C. Fullman, Christopher J. Peters and Sam Dehbozorgi for Defendant and Appellant.

Stinson and Jan T. Chilton for Plaintiff and Respondent.

_____

Dan Heston appeals from an order denying his motion to vacate a renewal of a judgment in favor of Wells Fargo Bank, N.A., contending no admissible evidence supported that he was served notice of the original summons and complaint. We disagree and affirm.

## BACKGROUND

In 2010, Wells Fargo filed a complaint against Heston seeking recovery of money he allegedly owed on a consumer credit account. In 2011, the bank served process on Heston by hand delivering it at a private postal store at 225 East 9th Street in Los Angeles to "Richard Doe," who worked at the facility and was authorized to accept documents served on patrons who rented mailboxes there. Heston did not respond, and the court entered a default judgment in 2011 in the amount of $274,052.92.

In 2021, Wells Fargo renewed the judgment, mailing notice of the renewal to the same 9th Street mailbox.

In 2024, Heston moved to vacate the renewal on the ground that the 2011 substitute service was invalid because he had stopped using the 9th Street mailbox in 2009.

In briefing and at an evidentiary hearing on the motion, Heston testified that he changed his mailing address and stopped using the 9th Street mailbox after 2009, two years before the 2011 service of process in this case, and never received the summons or complaint. He offered documents showing that he had been receiving mail at his home since 2009.

Wells Fargo opposed the motion, asserting that Heston had not stopped using the 9th Street mailbox. To support that assertion, Wells Fargo requested judicial notice of court records in another case, *Wachovia Bank, N.A. v. Dan Heston*, Los Angeles

2

County Superior Court, No. BC423953 (*Wachovia Bank*).  Those records included:

1.      A November 2009 answer signed by a "Dan Heston" in pro. per., listing the 9th Street mailbox as his address;

2.      An unsigned 2010 case management statement filed on behalf of "Dan Heston" in pro. per., listing the 9th Street mailbox as his address;

3.      A 2010 minute order granting Wachovia Bank's summary judgment motion, which had the following notation and statement:

Plaintiff
Counsel                DREW CALLAHAN—COURT CALL

Defendant
Counsel
                DAN HESTON—IN PRO PER

"The clerk read the court's tentative to counsel appearing via court call" (capitalization omitted); and

4.      A 2016 acknowledgement of satisfaction of judgment signed by Drew A. Callahan, counsel for Wachovia, which had a checked box indicating that "[t]he judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment."  (Callahan did not check the immediately preceding box indicating the "judgment is satisfied in full.")  (Capitalization omitted.)

Heston objected that the *Wachovia Bank* minute order did not state or imply that Heston was present in court at the summary judgment hearing, and the satisfaction of judgment was not evidence of any act by Heston, it was "merely a document executed

by an attorney who is not here for that attorney's own reasons," evidence only that "the plaintiff chose to satisfy the judgment."

The court granted judicial notice of the 2010 minute order and 2016 satisfaction of judgment over Heston's objections. Heston did not object to judicial notice of the answer and case management statement.

In reply, Heston theorized he was the victim of identity theft. He testified he did not sign or file the *Wachovia Bank* answer (he testified he was in Italy on November 18, 2009, the day before the answer was dated and signed), did not file the case management statement, did not appear at the summary judgment hearing in that case, and did not satisfy the judgment. Heston offered examples of his handwriting and testified that the signature on the answer differed considerably from the way he signed his name. The court acknowledged that Heston's signature on the answer was "materially different" from his handwriting exemplars.

Heston testified that he stopped using the 9th Street mailbox when he "became suspicious" of the private postal service. He therefore had not received the 2011 notice of renewal of the judgment, but learned of this action and the *Wachovia Bank* action only when he was turned down for a new credit card six to eight months before the evidentiary hearing. Heston admitted that he never filed a police report or a fraud report with the United States Postal Service (USPS).

The trial court denied Heston's motion to vacate renewal of the judgment. The court found that Heston "appear[ed] to have filed a signed answer" and a case management statement, "personally appeared" at the Wachovia Bank summary judgment hearing, and "satisfied his near $300,000 judgment." The court stated that Wells Fargo's "theory of the case is plausible and largely supported by the thin evidentiary record . . . . [Heston's] theory of

4

the case is implausible as it requires the court to accept . . . that the owners of the post office services business at the Ninth Street address intercepted a summons and complaint directed to defendant, decided to secretly appear on his behalf only to lose a summary judgment motion for $300,000 and then, six years later, decided to continue the ruse by obtaining a satisfaction of judgment for defendant's benefit . . . for no apparent reason. The court does not find this explanation credible." (Capitalization omitted.)

Heston appealed.

## DISCUSSION

Heston contends the trial court prejudicially erred by accepting the truth of hearsay statements contained in *Wachovia Bank* court records to the effect that he (1) filed an answer, (2) filed a case management statement, (3) appeared at the summary judgment hearing in that matter, and (4) satisfied the judgment. He argues the evidence was inadmissible for these propositions and failed to establish them. We partially disagree. Accepting, as the trial court did, that Heston signed the *Wachovia Bank* answer and filed the status conference statement, the information therein was admissible under Evidence Code section 1220 as a hearsay exception for the admission of a party. Thus supported, and even assuming the Wachovia minute order and satisfaction of judgment were inadmissible, it is not reasonably probable that the court would have reached a different result without them.

### A.    *Legal Principles*

A money judgment may be enforced for 10 years from the date of its entry. (Code Civ. Proc., §§ 683.020, 683.030; *Green v. Zissis*

5

(1992) 5 Cal.App.4th 1219, 1222.)[1]  A judgment creditor may renew a judgment for an additional 10 years.  (§§ 683.010 et seq.)

Pursuant to section 683.170, the renewal of a judgment "may be vacated on any ground that would be a defense to an action on the judgment."  (§ 683.170, subd. (a).)  Failure to have ever served process on a defendant is a defense to an action on the judgment and therefore can be raised on a motion to vacate a judgment renewal.  (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 201–202.)  The judgment debtor bears the burden of proving entitlement to relief under section 683.170.  (*American Contractors Indemnity Co. v. Hernandez* (2022) 73 Cal.App.5th 845, 848 (*American Contractors*).)

"The return of a process server . . . upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."  (Evid. Code, § 647.)

Hearsay is a statement made other than by a witness at the hearing, offered to prove the truth of the matter stated.  Hearsay is generally considered to be unreliable, and for that reason is inadmissible unless an exception applies.  (Evid. Code, § 1200.)

Judicial notice may be taken of the records of "any court of this state."  (Evid. Code, § 452, subd. (d).)  Judicial notice may not, however, be taken of the existence or truth of facts asserted in court documents, even orders or findings of fact, unless a hearsay exception exists.  (*Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564.)

We review denial of a motion to vacate renewal of a judgment for an abuse of discretion, taking the evidence in the light most

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

favorable to the court's decision. (*American Contractors*, *supra*, 73 Cal.App.5th at p. 848.) We defer to the trial court's resolution of factual conflicts in the evidence, but review questions of law de novo. (*Ibid*.) We also review a trial court's rulings on evidentiary objections for abuse of discretion. (*Daimler Trucks North America LLC v. Superior Court* (2022) 80 Cal.App.5th 946, 960.)

### B.    *Application*

Here, Heston bore the burdens both of producing evidence and of proof to refute Wells Fargo's 2011 proof of service at the 9th Street mailbox. To do so, he testified and offered documents showing that after 2009, he no longer used the mailbox. This discharged Heston's burden of producing evidence but left him with the burden of proof.

Wells Fargo argues any error was harmless. We agree.

An order may not be reversed due to the erroneous admission of evidence unless it created a miscarriage of justice. (Evid. Code, § 353.) A miscarriage of justice occurs when it is reasonably probable that a result more favorable to the appealing party would have been reached without the error. (*Huffman v. Interstate Brands Corp*. (2004) 121 Cal.App.4th 679, 692.)

In the trial court's estimation, the 2009 *Wachovia Bank* answer bore Heston's signature despite material differences from his handwriting exemplars, and the 2011 case management statement was filed on his behalf. From this information the court could reasonably conclude Heston either filed the documents himself or caused them to be filed, and thus knew about and participated in the *Wachovia Bank* litigation beyond 2009.

But even if Wells Fargo had offered no evidence, the trial court made it clear that it found it implausible that a private

7

postal store identity thief would not only intercept Heston's mail but answer it by filing an answer to a complaint and a case management statement purportedly on his behalf. This was a reasonable conclusion. Moreover, to credit Heston's theory, one would have to assume that the postal service accepted mail for Heston even though he had stopped using the service, and assumedly stopped paying for the mailbox. Heston offered no evidence indicating that identity thieves are known to operate in this manner, and he admitted that he never filed a police report or a fraud report with the USPS.

In conclusion, because the court disbelieved him, and because evidence supports that he was properly served in 2011, there is no reasonable probability that a result more favorable to Heston would have been reached even had the court excluded the *Wachovia Bank* minute order and satisfaction of judgment.

**DISPOSITION**

The order denying Heston's motion to vacate renewal of a judgment is affirmed. The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.

9